(70 Hun, 597.)

GAYLORD v. BEARDSLEY.

(Supreme Court, General Term, Fifth Department. June 23, 1893.)

PLEADING—MOTION TO STRIKE OUT—IRRELEVANT ALLEGATIONS.

Where matter alleged. to be irrelevant is not obviously so, but requires an elaborate argument to show its irrelevancy, a motion to strike out will be denied.

Appeal from special term, Cayuga county.

Action by Eleanor D. Gaylord, as administratrix of Ann C. Bradburn, deceased, against Nelson Beardsley. From an order denying a motion to strike out as irrelevant paragraph 11 of the complaint, defendant appeals. Affirmed.

For former reports, see 19 N. Y. Supp. 548, and 21 N. Y. Supp. 840.

The complaint is as follows:

The plaintiff complains of the defendant and shows the following as the facts constituting her amended complaint:

(1) The plaintiff alleges, on information and belief, that on or about March 13, 1883, one Arthur M. Gaylord was the owner of certain real estate and foundry and machine property situated in the village of Union Springs, Cayuga county, N. Y., and while such owner, and on or about the said date, he executed and delivered to one Henry Lewis, then of Auburn, N. Y., (now deceased,) a mortgage upon said property, to secure the said Lewis for a loan of $4,784, and which, by the terms of said mortgage, the said Gaylord was thereafter to pay said Lewis with interest, being for said loan of money so loaned by said Gaylord of said Lewis as aforesaid.

(2) And the plaintiff, further complaining, avers, upon information and belief, that afterwards the said Gaylord sold and conveyed said property, subject to said mortgage so theretofore made to said Lewis, and, as part of the consideration therefor, received from the vendee of the same a bond by and in which the said vendee agreed to pay the said Gaylord the sum of $5,000, with interest from said date, and as security for the payment of the same the said vendee executed and delivered a mortgage on said property to said Gaylord in the sum aforesaid, and which was a second lien on said property.

(3) And the plaintiff further avers, upon information and belief, that afterwards, and on or about September 18, 1884, the said Gaylord agreed with the said Lewis to assign the said bond and mortgage to said defendant for the face value thereof, with the interest on the same, and in consideration that he would so assign the same the said Gaylord transferred and assigned to him said bond and mortgage of $5,000, with the payment thereof guarantied by one Chamberlain, and that the said Gaylord would also pay him, the said Lewis, the sum of $800. On account of said loan so made of him by the said Gaylord the said Lewis agreed that he would assign the said mortgage of $4,784 and interest to any person to whom the said Gaylord could sell the same, and that said Gaylord should have the avails thereof, excepting that out of said avails the said Gaylord should pay him the said sum of $800 on the indebtedness then owing by said Gaylord to said Lewis. That said Gaylord thereupon did assign said bond and mortgage, which was so guarantied as aforesaid to said Lewis, and at about the same time agreed with this defendant to sell to him the said mortgage so owned by said Lewis, conditioned for the payment of $4,784 and interest. That thereupon the said Gaylord did so sell and deliver said mortgage to said defendant, and the same was thereupon assigned to the defendant by said Lewis, at the request of said Gaylord.

(4) And the plaintiff avers, upon information and belief, that the defendant, in consideration of said sale, assignment, and delivery to him of said mortgage, agreed and promised to pay said Gaylord the full amount of said mortgage, with the interest to that date, and which all amounted to the sum of

$5,218.06 at said date, to wit, on September 18, 1884. That thereafter, and shortly afterwards, the defendant paid the said Gaylord in part payment for said mortgage the sum of $1,450. That said Gaylord thereupon paid to the said Lewis the payment of $800, which he had agreed to pay him.

(5) And the plaintiff avers, upon information and belief, that at the time of said transaction with the defendant the said Gaylord's wife and this plaintiff were owing the defendant the sum of $1,000, and for which the defendant held the bond of said Gaylord and his wife, secured by a mortgage on certain real estate. That shortly after said transaction had by said Gaylord with the defendant, above set out, as to the purchase of said mortgage, and on the 29th day of October, 1884, he proposed to the said Gaylord to apply and appropriate the sum of $1,035 of the amount so owing said Gaylord by the defendant for the purchase price of said mortgage, so assigned to him in payment of said bond and mortgage so executed by said Gaylord and wife to the defendant, on which there was then owing the sum of $1,035 principal and interest, and which the said Gaylord and wife agreed that he might then do; and he thereupon promised and agreed to so apply the same, and to cancel and satisfy said bond and mortgage.

(6) And the plaintiff avers, upon information and belief, that said sum of $5,218.56, or thereabout, being the amount owing by said defendant to said Arthur M. Gaylord for the purchase of said mortgage on September 18, 1884, has never been paid by said defendant in full. That he has only paid the sum of $1,450 in money, (which was paid on that date and between that date and October 29, 1884,) and the sum of $1,035, which was applied by the defendant, with the consent of said Gaylord and his wife, to pay and cancel said mortgage of $1,000 with interest, which said defendant so agreed to apply on October 29, 1884; and that the balance of the same was due and owing said Arthur M. Gaylord on October 30, 1884, and at the time of the assignment to Ann C. Bradburn, as hereinafter mentioned, on account of the amount which the defendant had agreed and promised to pay said Arthur M. Gaylord for the mortgage so assigned to the defendant. That the defendant has been often requested by the said Gaylord, and for him, to pay the balance owing and due from him to the defendant before the commencement of this action, but he has neglected and still neglects so to do, and has refused so to do, and is now indebted to this plaintiff therefor.

(7) And the plaintiff alleges, upon information and belief, that before the commencement of this action, and on September 10, 1890, said Arthur M. Gaylord sold, assigned, and transferred said claim and demand so held by him against said defendant and all his interest therein, for a valuable consideration, to Ann C. Bradburn, who then became, and was at the commencement of this action, the lawful owner and holder thereof.

(8) And the plaintiff further avers that, after this action was so commenced and was at issue, the said Ann C. Bradburn, who had commenced this action against the said defendant to recover the claim so assigned to her, and who was the owner of said claim so assigned to her, died in the city of Auburn, N. Y.; and the said Ann C. Bradburn having died on or about the 28th day of January, 1891, in the city of Auburn, N. Y., intestate, and while a resident of Cayuga county, possessed and owning personal estate. That this plaintiff, under and by virtue of an order and decree of the surrogate's court of Cayuga county, duly made on proceedings duly had in said court, said Eleanor D. Gaylord, this plaintiff, on the 6th day of April, 1891, was duly appointed sole administratrix of the estate of said deceased, Ann C. Bradburn. That she duly qualified as such administratrix, and entered upon the execution of her said trust, and that thereupon she became the owner and possessed of the alleged claim and demand set out hereinbefore in this complaint as having been assigned by said Arthur M. Gaylord to the said Ann C. Bradburn.

(9) And plaintiff further avers that said plaintiff, having so become, by said decree of surrogate's court, and by said letters of administration duly issued to her on the estate of Ann C. Bradburn, deceased, the owner of said demand against said defendant, heretofore set out, duly applied to this court at a special term thereof for the revival and continuance of this action in the name of Eleanor D. Gaylord, as administratrix of the goods, chattels, and credits of Ann C. Bradburn, deceased, without prejudice to the proceeding already

had, and that the complaint in said action be amended by substituting her name as administratrix in the title of said action and in other appropriate places in the complaint; and by an order of this court duly made at a special term of this court, held at the city of Auburn on October 31, 1891, it was thereby ordered that, the plaintiff, said Ann C. Bradburn, having died, this action be revived and continued in the name of Eleanor D. Gaylord as administratrix of the goods, chattels, and credits of Ann C. Bradburn, deceased, without prejudice to the proceedings already had. And that the complaint be deemed amended by substituting her name as administratrix in the title, and by regarding the following allegation inserted therein at the commencement thereof: "The above plaintiff in this action complains against the defendant, and avers that on or about the 28th day of January, 1891, Ann C. Bradburn, the assignee of the claim herein mentioned, died in the city of Auburn, N. Y., intestate, and while a resident of Cayuga county. That she died owning and possessed of personal estate. That such proceedings were afterwards had, on application to the surrogate's court of Cayuga county, N. Y., that by an order and decree of said court, made on the 6th day of April, 1891, the said Eleanor D. Gaylord was appointed sole administratrix of the estate of said deceased. That she duly qualified and entered upon the execution of her said trust, and that thereupon she became the owner, as such administratrix, and possessed of the alleged claim and demand set out hereafter in this complaint as having been assigned by Arthur M. Gaylord to the said Ann C. Bradburn."

(10) The plaintiff avers that she is now the owner and holder of said claim, and that the same has never been paid, but that the same is now owing to this plaintiff.

(11) And plaintiff further alleges that on or about the 23d day of June, 1890, said defendant commenced a suit in the supreme court of this state against this plaintiff, as an individual, and Arthur M. Gaylord, upon the said bond hereinbefore set forth and referred to as having been paid on the said 29th day of October, 1884; and this plaintiff, one of the defendants in that action, and her codefendant, answered the said complaint in that action, and set forth that said bond had been paid. That said cause was thereafter tried at a circuit term of said court, held at the courthouse in the city of Auburn, N. Y., commencing on the 4th day of January, 1892, before Hon. W. H. Adams and a jury, and evidence was given on the part of said defendants and on the part of the plaintiff as to whether said bond and the mortgage accompanying the same as collateral security had been paid, on or about said 29th day of October, 1884, and how and when the same was paid, and the question was submitted to the jury as to whether it had been so paid, and how and when; and the jury found a verdict for the defendants. That a judgment was thereafter, on the 8th day of January, 1892, rendered upon said verdict, and entered in the Cayuga county clerk's office, dismissing upon the merits the complaint in said action upon said bond, and for costs against said plaintiff in that action, said defendant herein. That the fact of payment, and how and in what manner, as aforesaid, so passed upon and found in said action as aforesaid, was a necessary and material and essential fact to support the judgment in said action, which action was between the same parties as the parties to this action, except that the said Arthur M. Gaylord was in said action a party defendant as one of the obligees upon said bond, and except that this plaintiff was individually a defendant, and they were privies therein to the parties to this action and the subject-matters therein. That said judgment is unreversed, and stands upon the record a valid judgment between these parties as to the fact of payment of said bond and mortgage as aforesaid, and as to the purchase of said mortgage as aforesaid at its face value and interest, by the defendant as aforesaid. And that the fact of such payment of said bond and mortgage by the said defendant, and that the same was paid on October 29, 1884, by deducting the same from the amount of said mortgage of $4,784, and the fact that on September 18, 1884, this defendant purchased said mortgage of $4,784 of the said Arthur M. Gaylord, and agreed to pay him the face value and interest, was a necessary and essential fact to support the judgment in said action, and that said judgment remains in full force and unreversed. Wherefore the plaintiff demands judgment against the defendant for

the sum of $2,762.32, with interest on the said sum from and after October 29, 1884, with the costs and disbursements of this action.

The motion was heard by Mr. Justice VANN, who filed the following memorandum:

Motion denied, with $10 costs to abide event, upon the ground that where the matter alleged to be irrelevant is not obviously so, but requires an elaborate argument to show its irrelevancy, it should be allowed to stand, so that the trial court can receive or reject the evidence, as it deems best. A motion of this kind should not be allowed the function of a special demurrer to a part only of a single cause of action. Baer v. Seymour, 12 N. Y. St. Rep. 66; Williams v. Folsom, (Sup.) 10 N. Y. Supp. 895; Walter v. Fowler, 85 N. Y. 621. Ordered accordingly.

Argued before DWIGHT, P. J., and LEWIS, MACOMBER, and HAIGHT, JJ.

J. R. Cox, for appellant.
Frank D. Wright, for respondent.

PER CURIAM. Order appealed from affirmed, with $10 costs and disbursements, on mem. of VANN, J., at special term.

---

(72 Hun, 51.)

### BELDEN v. BURKE et al.

(Supreme Court, General Term, First Department. October 13, 1893.)

1. CORPORATIONS—MORTGAGES—EXCEEDING VALUE OF PROPERTY.
   Persons who have acquired all the stock of a corporation have a legal right to cause it to mortgage its property in an amount exceeding its value, where no statutes are contravened, and the stockholders do not resort to any deception or fraud to attract investors to purchase the mortgage bonds.

2. RAILROAD COMPANIES—MORTGAGES—FRAUD ON BONDHOLDERS.
   Where a railroad is mortgaged in an amount exceeding its value, and the mortgage contains a covenant that the proceeds of the mortgage shall be applied in double-tracking and improving the railroad, and in purchasing such real estate and other property as the interests of the company may require, the stockholders and officers of the railroad company are guilty of a fraud on the bondholders in diverting the proceeds to their individual use.

3. SAME—COVENANTS—WHEN TAKE EFFECT.
   Where a railroad mortgage stipulates that the mortgagee is to be the trustee for the holders of the bonds secured by the mortgage, that the bonds are to be certified by the trustee, and that a specified portion shall be delivered to the president and vice president of the railroad company, a further covenant in the mortgage that these officers will apply the proceeds of the bonds so delivered to them to the improvement of the railroad property becomes operative and binding on the railroad company as soon as the bonds are so certified and delivered.

4. SAME—BONDS—POWER OF FIRST TAKER TO BIND SUBSEQUENT PURCHASERS.
   Where a railroad mortgage recites that the covenants therein contained shall inure to the benefit of the successive holders of the bonds it is given to secure, the first taker of the bonds, which are negotiable in form, is powerless to enter into any agreement with the railroad company or its officers abrogating the mortgage covenants, so as to bind a subsequent purchaser of the bonds for value before maturity; and such a purchaser has the right to look to the mortgage, which is a matter of public record, with full assurance that the conditions contained therein will be enforced for his benefit. 20 N. Y. Supp. 320, reversed.