(5 App. Div. 223.)

O'BRIEN et al. v. BLAUT et al.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

PLEADING—DEMURRER—UNITING SEVERAL CAUSES OF ACTION.

Whether an action against several defendants, in which the same relief is not asked against all, may be maintained on the theory of a single cause of action in equity, cannot be raised by a motion to compel plaintiff to separately state and number the distinct causes of action against the different defendants, in order that such separate causes of action might be proper subjects of demurrer by the various defendants, but should be raised by a demurrer to the complaint.

Appeal from special term, New York county.

Action by Miles M. O'Brien and James G. Cannon, as receivers of Madison Square Bank, against Joseph F. Blaut and others. From an order requiring plaintiffs to make further amendments to their amended complaint, plaintiffs appeal. Reversed.

The action was brought by the receivers of a domestic banking corporation against persons who had been directors of the corporation, to recover for the wrongful acts and the breaches of trusts of the defendants as such directors, whereby injury had accrued to the corporation, and the trust fund in the hands of the receivers. The original complaint was demurred to by the defendants, the demurrer was overruled at the special term, and the general term affirmed the decision of the special term (29 N. Y. Supp. 975), but the court of appeals reversed the supreme court, and sustained the demurrer, with leave to the plaintiffs to amend their complaint. 143 N. Y. 377, 38 N. E. 371; 144 N. Y. 643, 39 N. E. 494. Pending these appeals other defendants made a motion to require the plaintiffs to amend their complaint so as to make it more definite and certain, and an order was made on appeal in the general term requiring such amendment to be made and specifying the details to be alleged. Subsequent to the decision of the court of appeals on the demurrer, and the general term as to the amendment, the plaintiffs served an amended complaint, designed to comply with the general term order, and to cure certain defects which led the court of appeals to sustain

the demurrer to the original complaint. The special term thereafter made the order here appealed from.

The complaint, in paragraphs 8 to 51, alleges that defendants were directors of the Madison Square Bank; that on or about certain dates defendants, in violation of their trust and of their duties, wrongfully, negligently, and unlawfully authorized, assented to, and acquiesced in the discounting of, and discounted for certain persons, notes of certain specified amounts, and that by reason of their negligence the amounts of such notes were lost to the bank, the stockholders, and creditors; that on certain dates, in violation of their trust, wrongfully, negligently, and unlawfully, and in contravention of the banking laws, they authorized, assented to, and acquiesced in the purchase of certain bonds for more than their market value, whereby large sums were lost to the bank, stockholders, and creditors; that on certain specified dates they negligently and unlawfully, and in violation of their trust and duties, authorized, assented to, and acquiesced in permitting depositors to overdraw their accounts, whereby the amounts of said drafts were lost; and concluded: "Wherefore they pray for judgment that the defendants, and each of them, be required to account with respect to their administration of the trusts reposed in them; that the liability incurred by the said defendants to the plaintiffs with respect to the matters herein set forth may be apportioned among them, and the amount of the liability of each of the said several defendants with respect to said matters be fixed and determined, and that a decree be rendered against each of the defendants for an amount equal to the injury occasioned to the trust fund administered by them by reason of the wrongful acts and breaches of trust herein alleged, and that they and each of them make full discovery as to their participation in the breaches of trust in this complaint set forth, and that the said plaintiffs may have such other and further relief in the premises as to the court may seem just and equitable, together with the costs of this action."

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Samuel Untermyer and Louis Marshall, for appellants.

William A. Jenner, for respondents.

WILLIAMS, J. The order appealed from was made upon the theory that the complaint as amended really alleged several causes, and not a single cause, of action. The plaintiffs claimed they alleged but one cause of action, and not several. It is not claimed that the amended complaint was indefinite or uncertain. All the facts were stated in detail, as required by the general term order. This was not a demurrer to the complaint, but the plaintiffs, who claimed that they had alleged but a single cause of action, were required by the order to separate the facts alleged, to call the separate parts distinct and separate causes of action, and to number them accordingly. We think the court erred in making such an order. Whether the action could be maintained upon the plaintiffs' theory of a single cause of action in equity was not involved in the motion, and need not be determined here. The proper method of raising and determining that question, if desired before the trial, was by demurrer. The plaintiffs failed in the court of appeals to uphold their original complaint, because the court were of the opinion that the action was not one in equity, but that the complaint disclosed several separate causes of action at law against different defendants, and the parties and causes of action were improperly joined. The court did not pass upon the question whether such an action, with proper allegations, could be maintained in equity. It

held that it could not certainly be maintained in the absence of certain allegations. The plaintiffs, in their amended complaint, sought to supply these necessary allegations, and then claimed the action was one in equity, and not at law. The learned judge at special term considered the question of the right to maintain the action at all, as if the question were raised by demurrer, and, having arrived at the conclusion it could not be maintained, he was of the opinion that the plaintiffs should be required to separate its one cause of action in equity against all the defendants into several separate and distinct causes of action at law against different defendants, in order that such separate causes of action might be proper subjects of demurrer by the various defendants. This was not proper. The plaintiffs should have been permitted to allege what they claimed they had, a single cause of action. They should not have been compelled to allege a large number of distinct causes of action, which they conceded would be proper subjects of demurrer. If the defendants desired to raise the question as to the plaintiffs' right to maintain their one cause of action in equity, they should have done so by demurrer. This was not the proper remedy.

The order appealed from should be reversed, with costs of appeal, and the motion denied, with $10 costs. All concur.