POPE et al. v. KELLY et al.

(Supreme Court, Appellate Division, Second Department.  May 7, 1898.)

PLEADING—NUMBERING CAUSES OF ACTION.
 When it is fairly doubtful that a complaint states more than one cause of action, and the plaintiff intends to state but a single one, a motion to compel him to separate and to separately number the alleged several causes of action should not be granted, but the defendant should be left to his remedy by demurrer.

Appeal from special term.

Action by William B. Pope and David K. Case against William Kelly and others.  From an order denying a motion to compel plaintiffs to separate and number the several causes of action set forth in the complaint, defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James D. Fessenden, for appellants.
George W. Wingate, for respondents.

PER CURIAM.  The plaintiffs insist that they have but a single cause of action,—to reform a written agreement between the parties, and specifically perform that agreement as reformed.  To effectuate the agreement, it is necessary that the corporation of which the parties are the directors and stockholders should act.  The corporation is alleged to be under the control of the individual defendants.  It is neither necessary nor proper, on a motion of this character, to determine whether, in law, the action can be maintained, and the plaintiffs obtain the relief which they seek against the several parties.  If it cannot be, or if, in reality, there are several distinct causes of action against the different defendants, the plaintiffs' remedy is by demurrer, of which the failure to separately number the causes of action in no manner deprives the defendants.  The plaintiffs are entitled to maintain their theory, whether right or wrong, until the question is decided by demurrer or a trial.  We think the same rule should apply in a case of this kind as that which obtains on motions to strike irrelevant matter from pleadings.  "Where matter alleged to be irrelevant is not obviously so, but requires an elaborate argument to show its irrelevancy, a motion to strike out would be denied."  Gaylord v. Beardsley (Sup.) 25 N. Y. Supp. 598.  So, we say that when the matter is fairly doubtful, whether the complaint states more than one cause of action, and the plaintiff intends to state but a single one, a motion of this character should not be granted, but the defendants left to their remedy by demurrer.  O'Brien v. Blaut, 5 App. Div. 223, 39 N. Y. Supp. 218.

The order appealed from should be affirmed, with $10 costs and disbursements.