WILLIAM B. POPE and DAVID K. CASE, Respondents, *v.* WILLIAM KELLY and Others, Appellants.

*Complaint — motion to compel the plaintiff to separate and number the causes of action — when it should not be granted.*

On a motion to compel the plaintiff to separate and number the causes of action, alleged to be set forth in the complaint, it is neither necessary nor proper to determine whether in law the action can be maintained, and whether the plaintiff can obtain the relief which he seeks against the several parties. If such relief cannot be obtained, or if there are several distinct causes of action against the different defendants, the defendants' remedy is by demurrer, of which the

plaintiff's failure to separately number the causes of action in no manner deprives them.

When it is fairly doubtful whether the complaint states more than one cause of action, and the plaintiff intends to state but a single one, a motion of this character should not be granted, but the defendants should be left to their remedy by demurrer.

APPEAL by the defendants, William Kelly and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of April, 1898, denying their motion to compel the plaintiffs to separate and number the several causes of action alleged to be set forth in the complaint.

*James D. Fessenden*, for the appellants.

*George W. Wingate*, for the respondents.

PER CURIAM:

The plaintiffs insist that they have but a single cause of action to reform a written agreement between the parties, and specifically perform that agreement as reformed. To effectuate the agreement it is necessary that the corporation, of which the parties are the directors and stockholders, should act. The corporation is alleged to be under the control of the individual defendants. It is neither necessary nor proper on a motion of this character to determine whether in law the action can be maintained and the plaintiffs obtain the relief which they seek against the several parties. If it cannot be, or if in reality there are several distinct causes of action against the different defendants, the defendants' remedy is by demurrer, of which the failure to separately number the causes of action in no manner deprives the defendants. The plaintiffs are entitled to maintain their theory, whether right or wrong, until the question is decided by demurrer or a trial. We think the same rule should apply in a case of this kind as that which obtains on motions to strike irrelevant matter from pleadings. " Where matter alleged to be irrelevant is not obviously so, but requires an elaborate argument to show its irrelevancy, a motion to strike out will be denied." (*Gaylord* v. *Beardsley*, 25 N. Y. Supp. 598.) So we say that when the matter is fairly doubtful, whether the complaint states more than one cause of action and the plaintiff intends to state but

a single one, a motion of this character should not be granted, but the defendants left to their remedy by demurrer. (*O'Brien* v. *Blaut,* 5 App. Div. 223.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.