and upon doing which the magistrate was divested of further juris-diction. The magistrate, however, refused bail, and proceeded to try the plaintiff, and sentenced him to imprisonment. This con-viction was reversed on the ground that the magistrate should have accepted bail and have proceeded no further. An action for false imprisonment was brought. It was held that the magistrate erred in further proceeding with the cause, but that it was an error in a judicial determination made in a case of which he had juris-diction, and that he was protected from a civil action with respect to it. So, in the case at bar, the defendant magistrate had juris-diction of the subject-matter and of the person of the plaintiff, to the extent, at least, in case he was brought before him, to direct that the officer take him before the nearest magistrate of the town of Mayfield. If this had been done, the plaintiff would have had no cause for complaint. Instead, the defendant judicially deter-mined that he had jurisdiction to hear the case. This was error, but no greater than the error in the case above cited, where the magistrate was divested of jurisdiction because of the offer to give bail to appear before the grand jury. In both instances there was no jurisdiction to hear and determine the case, but the determination of whether or not there was, was a judicial determination, for an erroneous decision of which no liability arises.

The case of Reynolds v. Orvis, 7 Cow. 269, is clearly distinguish-able from the present one, in that it was there held that the arrest was upon a void process because not properly executed. Here the process was not void, but only irregular; hence the judgment was erroneous, and should be reversed.

CHESTER, J., concurs in the opinion of HOUGHTON, J.

---

WEED v. FIRST NAT. BANK OF SARATOGA SPRINGS et al.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

PLEADING—DEFECTIVE PLEADINGS—MISJOINDER OF ACTIONS—REMEDY.

Where plaintiff claims that his complaint states but a single cause of action, defendants' remedy, in case they claim that plaintiff has improp-erly united different causes of action which should have been separately stated, is by demurrer, and not by motion to compel plaintiff to state his causes of action separately.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 435, 1194.]

Appeal from Special Term, Saratoga County.

Action by William R. Weed, for himself and all other stockhold-ers, etc., against the First National Bank of Saratoga Springs and others. From an order requiring plaintiff to serve an amended com-plaint, and state separately his causes of action, plaintiff appeals. Reversed.

The action is brought by the plaintiff to compel the defendants, who were directors of the First National Bank for a number of years prior to 1904, to pay over to the corporation moneys claimed to have been lost by their negli-

gence as such directors, and also the amount of several dividends which were paid under their direction during a number of years when there were no surplus earnings of the bank out of which said dividends could properly be paid. Upon defendants' motion plaintiff has been compelled to state separately his causes of action, to wit, one a cause of action against the several directors for their negligence, and others causes of action against the several defendants for the different acts of misfeasance in directing the payment of dividends without authority. From this order the plaintiff appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Swift, Fuller & Cubley (Theo. H. Swift, of counsel), for appellant.

John L. Henning (Marcus T. Hun, of counsel), for respondents.

SMITH, J. This complaint is claimed by the plaintiff to state but one cause of action, and that in equity, for the reimbursement to the bank of moneys lost through the wrongful acts of the directors. The defendants claim that several causes of action are stated, to wit, a cause of action for negligence or nonfeasance, and several causes of action for misfeasance, claiming that a demand for reimbursement for dividends wrongfully paid in each of the several years constitutes a different cause of action.

Under the authorities we think the order was improperly granted. In O'Brien v. Blaut, 5 App. Div. 223, 39 N. Y. Supp. 218, an action was brought by the receiver of a bank against several directors for nonfeasance and misfeasance, and an order was made compelling the plaintiff to separately state and number the alleged causes of action. It was held:

"That the order was improper, in that the plaintiffs had been required to separate and separately state and number the alleged different causes of action when their theory of the action was that the plaintiffs stated but a single cause of action.

"That the question whether the action be maintained upon the plaintiffs' theory of a single cause of action in equity was not involved in the motion, and was a question which could only be raised by demurrer."

Williams, J., in writing for the court, said:

"Whether the action could be maintained upon plaintiffs' theory of a single cause of action was not involved in the motion, and need not be determined here. The proper method of raising and determining that question, if desired, before the trial, was by demurrer."

This case has been followed in the case of Pope & Case v. Kelly, 30 App. Div. 253, 51 N. Y. Supp. 557, where it is held in a somewhat similar case:

"Where it is fairly doubtful whether the complaint states more than one cause of action, and the plaintiff intends to state but a single one, a motion of this character should not be granted, but the defendants should be left to their remedy by demurrer."

Plaintiff can hardly be compelled to divide what he claims to be a single cause of action. Defendants' rights are in no way prejudiced by a denial of the motion. If they here claim causes of action to be improperly united, the question can be raised by demurrer whether or not such causes of action be separately stated in the

complaint. It would seem to be the policy of the courts, under the authorities cited, to refuse to require the plaintiff to separate in parts what he claims to be a single cause of action.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.