### BARUCH v. YOUNG.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. PLEADING (§ 368*)—MOTIONS—SEPARATE AND NUMBERED CAUSES OF ACTION.
    Where the complaint in an action for an accounting contains a prayer for such relief, and the averments respecting breaches of agreement to indemnify and alleged conversions relate to the acts of the defendant as agent and trustee, so as to be relevant to the accounting, a motion to require the alleged causes of action to be separately numbered and stated should be denied.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1194–1198; Dec. Dig. § 368.*]

2. PLEADING (§§ 317, 367*)—BILL OF PARTICULARS—DETAILS NOT MATERIAL TO CAUSE OF ACTION.
    Details as to names, debts, and circumstances not forming a material part of the cause of action should be obtained by a motion for a bill of particulars, and not by motion to make more definite and certain.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. §§ 317, 367.*]

3. PLEADING (§ 367*)—MOTION TO MAKE CERTAIN.
    On a motion to make a complaint more definite and certain by stating a mass of details, the court is not called upon to sort out those which might properly be the subject of the motion, unless that appears to be necessary to protect a substantial right.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367;* Insurance, Cent. Dig. § 1631.]

4. PLEADING (§ 362*)—MOTION TO STRIKE.
    Motions to strike out are not favored, and are granted only when it is evident that otherwise the moving party will be prejudiced, and will be denied unless it is plain that the adverse party will not be harmed.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

Appeal from Special Term, New York County.

Action by Emanuel Baruch against George W. Young. From an order requiring plaintiff to serve an amended complaint, plaintiff appeals. Reversed and motion granted to extent stated in opinion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Max D. Steuer, for appellant.
John C. Tomlinson, for respondent.

MILLER, J.   The order appealed from (1) requires the plaintiff to separately state and number causes of action, (a) one in equity for an accounting, (b) one at law for breach of guaranty or indemnity, (c) one or more for conversion; (2) requires the plaintiff to make the complaint more definite and certain by stating a mass of details; (3) strikes out of the complaint certain matter as irrelevant, redundant, and scandalous.

Under the first head, the plaintiff says that he has attempted to state but one cause of action; i. e., an action for accounting.   In brief, the plaintiff alleges that, in consideration of free medical attention and advice, the defendant agreed to act as trustee and agent for the plaintiff in the management of the plaintiff's financial affairs, to take charge of the plaintiff's business affairs, to buy and sell stocks and other securities, and to indemnify the plaintiff against loss in such transactions.   The complaint then alleges various transactions conducted by the defendant pursuant to that arrangement, the opening of accounts with different brokers, the delivery of securities and money to them and to the defendant, the making of profits in some transaction, appropriated by the defendant, and the incurring of losses in others from which the defendant had failed to protect the plaintiff according to his agreement, the use of plaintiff's property by the defendant in speculative purchases and sales on his own account, the making of secret profits by the defendant not accounted for, the loading of plaintiff's account with transactions showing loss, and the secret appropriation by the defendant of those showing profit.

[1] While the complaint contains averments appropriate to each of the three causes of action which the plaintiff is now directed to separately state and number, it is not plain that he has attempted to state more than a single cause of action for an accounting.   That is his prayer for relief.   The averments, respecting breaches of the agreement to indemnify and respecting alleged conversions, relate to the acts of the defendant as agent and trustee, and are therefore relevant to the single cause of action for an accounting.   Under such circumstances, the motion to require causes of action to be separately stated and numbered should have been denied.   Pope v. Kelly, 30 App. Div. 253, 51 N. Y. Supp. 557; Weed v. First National Bank, 106 App. Div. 285, 94 N. Y. Supp. 681.

[2] Under the second head, the plaintiff has been required to state a mass of details, concerning names, dates, and circumstances which might be proper to narrow the issues and prevent surprise upon the trial, but which do not form a material or essential part of the cause of action.   It would unduly extend this opinion and serve no useful purpose to enumerate them.   Suffice it to say that in the main the details asked for should be obtained by a motion for a bill of particulars.   Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669; Harrington v. Stillman, 120 App. Div. 659, 105 N. Y. Supp. 75.

[3] It may be possible that out of the great mass of details asked for a very few may constitute such a material part of the cause of action as that in respect to them the complaint should be made more definite and certain. But, when an application is made in that fashion, I do not think the court is called upon to sort out those matters which might properly have been the subject of the motion, at least unless that labor appears to be necessary to protect or preserve a substantial right.

Under the third head, some of the matter stricken out is plainly irrelevant and some as plainly relevant, although the relevant matters stricken out may, not have been essential to the statement of the cause of action.

[4] Motions to strike out are not favored, and are granted only when it is evident that, if denied, the moving party will be prejudiced, and denied unless it is plain that the adverse party will not be harmed. Indelle v. Lesster, 130 App. Div. 548, 115 N. Y. Supp. 46, and cases cited. It is quite true that the complaint is very far from being a model, but it is idle on motions of this character to attempt to make a scientific pleading out of such a complaint as the one in this record. It is impossible to discover any relevancy of the twelfth, sixteenth, and seventeenth paragraphs of the amended complaint and those should be stricken out.

The order should be reversed and the motion granted to the extent only of striking out the twelfth, sixteenth, and seventeenth paragraphs of the amended complaint, without costs. All concur.