85 N. Y. 53, 58; Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Real Property Law, § 100. The mere fact that the devise was to executors, without designating them as trustees, makes them none the less trustees when, from the terms of the will, it appears that they were to act as trustees. Mee v. Gordon, 187 N. Y. 400, 407, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172.

The case of Salisbury v. Slade, supra, was quite like the case under consideration. There the testator gave, devised and bequeathed the residue of his estate, real and personal, to his sons and daughters— to his sons absolutely, but to his daughters for life, with remainders over; the executors to hold the daughters' shares and pay them the income. The court held that there was an equitable conversion of the land into personalty at the moment of testator's death and that:

"The naked fee of the land, as it could not remain in suspension, was vested in the trustee and testator's three sons for the purpose of carrying out in fact that conversion which the law already regarded as equitably accomplished. The real estate, as such, could not be dealt with as such for any other purpose."

[7] Upon the appointment and qualification of the administrator with the will annexed, the fee did not pass to him, but vested in the Supreme Court, which would then have power to appoint some person to execute the trust. Horsfield v. Black, 40 App. Div. 265, 57 N. Y. Supp. 1006; Dunning, Trustee, etc., v. Ocean Nat. Bank, 61 N. Y. 497, 501, 502, 19 Am. Rep. 293; Real Property Law, § 111.

The judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

### ERIE R. CO. v. HILTON et al.

(Supreme Court, Appellate Division, Second Department. March 10, 1916.)

1. PLEADING ⬤⟾368—COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION.

A railroad company sued to recover demurrage charges on 36 cars at different times carried and delivered to defendants. The charges rested on the regular tariffs, and the company was required by law to collect them. It appeared that they were included in a running account, and the complaint did not show that more than one cause of action was intended to be stated. *Held* that, it being fairly doubtful, a motion to compel separate statement of the causes of action arising out of the demurrage charges due on each car should not be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1178, 1194–1198; Dec. Dig. ⬤⟾368.]

2. PLEADING ⬤⟾52(2)—SEPARATE STATEMENT OF CLAIMS.

Where a railroad company, which carried cars for defendants, sued to recover demurrage charges due on numerous cars, the charges may constitute only one cause of action, being so treated by the company and included in a running account.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. ⬤⟾52(2).]

Putnam, J., dissenting.

---

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Orange County.

Action by the Erie Railroad Company against Samuel J. Hilton and others, copartners. From an order requiring plaintiff to serve an amended complaint, separately stating and numbering its causes of action, plaintiff appeals. Order reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Philip A. Rorty, of Goshen, for appellant.
Graham Witschief, of Newburgh, for respondents.

JENKS, P. J. The action is to recover $266 demurrage charges on 36 cars at different times carried by the plaintiff and delivered to the defendant. The charges rest upon the regular tariff of plaintiff on file with the Interstate Commerce Commission, and these charges the plaintiff must by law collect from the defendant. It appears that the plaintiff *on its books* carried charges as a running account against the defendants, although one of the defendants denies that there was a running account. The defendants moved the Special Term to order an amended complaint, separately stating and numbering the causes of action. The motion was granted, and the plaintiff appeals.

[1] The theory of the defendant is that each transaction as to each car constituted a separate cause of action. I think that the plaintiff intended to state but a single cause of action, and that it may be said that it is "fairly doubtful" whether the complaint departs from this purpose. And so the rule of our decision in Pope v. Kelly, 30 App. Div. 253, 51 N. Y. Supp. 557, may be applied. See, too, Weed v. First National Bank, 106 App. Div. 285–287, 94 N. Y. Supp. 681; Baruch v. Young, 149 App. Div. 466–468, 134 N. Y. Supp. 53.

[2] I think that the motion should be denied, under the authority of Langdon v. New York, L. E. & W. Ry. Co., 15 N. Y. Supp. 255 (First Department, General Term).[1] See, too, Baruch v. Young, supra; Randall v. Gartner, 96 Mich. 284, at page 286, 55 N. W. 1. I can even say that, within the rule and exceptions stated in Secor v. Sturgis, 16 N. Y. 548, cited by the learned counsel for the respondents, it may appear that the circumstances are such as to raise an implied contract embracing all the items, to make them, although arising at different times, a single and entire demand or cause of action.

The order is reversed, with $10 costs and disbursements, and the motion is denied, without costs.

THOMAS, CARR, and RICH, JJ., concur. PUTNAM, J., dissents.

_____

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 584.