THE AMERICAN NATIONAL BANK OF PROVIDENCE, RHODE ISLAND, APPELLANT, *v.* WILLIAM R. GRACE, RESPONDENT.

*False representations — motion to make a complaint more definite and certain.*

A complaint, in an action for fraud and deceit in inducing the plaintiff to purchase certain promissory notes, after setting forth the alleged false statements of the defendant, alleged that the defendant knew his statements to be false, and that he "knew of facts and circumstances sufficient to charge him with knowledge of the falsity" of his statements.

*Held,* that the latter allegation was not obscure, and that a motion to make the complaint more definite and certain should be denied.

APPEAL by the plaintiff, the American National Bank of Providence, Rhode Island, from an order made at the New York Special Term at chambers, and entered in the office of the clerk of the city and county of New York on the 13th day of December, 1892, granting a motion made by the defendant to require the plaintiff to make the complaint more definite and certain.

*James M. Townsend,* for the appellant.

*F. R. Coudert,* for the respondent.

PER CURIAM:

The action is for fraud and deceit, by which, as alleged, the plaintiff was induced to purchase of the defendant two promissory notes, and to pay therefor the sum of $19,600. A statement of the character of the deceit and fraud practiced is fully set forth; but instead of the usual averment that the false representations were knowingly made, and material facts which should have been communicated to the plaintiff were suppressed, the complaint, in one of the paragraphs, thus alleges:

"*Seventh.* That, as plaintiff has been informed, since the failure of said firm of Grant & Ward, and verily believes, the said statements and representations made by the defendant to plaintiff, as aforesaid, were each and every one false and fraudulent at the time they were made, and were known by the defendant to be false and fraudulent when he made them; that said statements and representations were calculated to deceive the plaintiff, and the same

were made by the defendant with the intent to deceive and defraud. this plaintiff; and in making said statements and representations the defendant assumed and intended to and did convey to plaintiff the impression that he had actual knowledge of the matters so stated and represented, when defendant was, at the time, conscious that he had no such knowledge, and was then informed and knew of *facts and circumstances sufficient to charge him with knowledge of the falsity thereof*, which facts and circumstances were unknown to this plaintiff, and which defendant then knew were unknown to this plaintiff, and which defendant fraudulently suppressed and concealed from this plaintiff."

It will thus be seen that, after fully setting forth in the complaint the false statements, the defendant's knowledge that they were false is thus alleged in two ways, first, that defendant knew his statements to be false; and, second, that he knew of facts and circumstances sufficient to charge him with knowledge of the falsity of his statements. It is insisted that this second allegation is indefinite and uncertain, and it is from the order compelling an amendment of the complaint in this particular that this appeal is taken.

It is urged that the defendant mistook his remedy, which should have been for a bill of particulars instead of a motion to make the complaint more definite. The distinction between the two has been frequently pointed out, and, as said in *Rouget* v. *Haight* (10 N. Y. Supp., 753), they show "how slight a difference may exist between the conditions requiring the application of the one or the other." In the case last cited the rule was thus stated: "It appears to be settled that if the charge or defense be definitely stated although the statement involves details, it is sufficient to put the party to an application for a bill of particulars and compels him to resort to that remedy, although the result of either application would be the same."

And in *Jackman* v. *Lord* (9 N. Y. Supp., 200), the presiding justice of this court said: "We do not understand that where a general allegation in the complaint is sufficient to make a good cause of action, the court can compel the allegation of specific facts leading to the general conclusions alleged in the complaint." Again, in *Brownell* v. *National Bank of Gloversville* (13 Week. Dig., 371)

it was held that, if looking at the complaint the court can see with ordinary certainty the meaning of the different allegations and the cause of action intended to be set up by them, the pleading is not indefinite.

And in *Cook* v. *Matteson* (11 N. Y. Supp., 573), citing the last case, it was said: "The motion is to be determined upon an inspection of the pleading, and if from such inspection the court can see with reasonable certainty the meaning of the allegations and the cause of action intended therein to be set forth, the pleading will be held sufficient to resist a motion to make it more definite."

Applying these rulings or taking the one which the respondent furnishes, viz., that where a specific allegation is obscure the remedy is by motion to make more definite and certain; we think, the conclusion to be reached, upon an inspection of the pleadings, is against the view contended for by respondent. We fail to see in what respect the specific allegation is obscure. It is true that the evidence to establish this allegation is not set forth nor is that necessary in a pleading. Upon reading this complaint no doubt can exist as to what the allegation means. It is a statement that the defendant "knew of facts and circumstances sufficient to charge him with knowledge of the falsity thereof." This is but a statement that the defendant had reasons for knowing that the representations made were false; that they were not known to the plaintiff, and they were such that good faith on the part of the defendant required him to make them known to the plaintiff.

We agree with the appellant, that the effect of granting the motion would be to compel a disclosure of its evidence, because to require a statement of the facts and circumstances known by the defendant, and which are claimed to have been sufficient to charge him with knowledge of the falsity of the representations, is but asking the plaintiff to disclose what evidence he has of defendant's knowledge in this particular. We do not think that there is anything indefinite or uncertain in the allegation, and where, as here, the charge relates to facts which must be shown to have been within the knowlege of the defendant, he is not entitled to the relief sought. Besides, as said in *Williams* v. *Folsom* (10 N. Y. Supp., 895), "allegations of fraud are not required to be stated with great particularity."

We are of opinion, therefore, that the motion should not have

been granted, and the order appealed from is, therefore, reversed, with costs and disbursements, and the motion denied.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order reversed, with costs and disbursements, and motion denied.