(36 App. Div. 33.)

### SEIFERD v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

DEED PROCURED BY FRAUD—ACTION TO SET ASIDE—PARTIES.

One who has been instrumental in procuring by fraud the execution of a deed to another is not a proper party to an action wherein the only relief prayed is that the deed be set aside, and the legal title be declared in the grantor, and it does not appear that his joinder is necessary to secure payment of costs.

Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Mary Seiferd against William G. Mulligan and others to set aside a deed. From an interlocutory judgment overruling a demurrer to the complaint, defendant W. G. Mulligan appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Donohue, for appellant.
Maurice Meyer, for respondent.

INGRAHAM, J. This appellant demurred to the amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action against him; and from the judgment overruling that demurrer he appeals. The complaint alleges that the defendants, representing themselves to be attorneys and counselors at law, and duly admitted and practicing as partners in the courts of this state, were retained and employed by the plaintiff in their professional capacity, and acted for the plaintiff as such with reference to the transaction set forth in the complaint, and that prior to August 22, 1896, the plaintiff, the defendants, and others entered into an agreement for the purpose of contributing the moneys necessary to purchase certain real property specifically described in the complaint, which was purchased

and conveyed to the plaintiff, the said property to be subsequently sold, and the parties to the agreement reimbursed for the contributions made for its purchase, and the gains and profits thereof to be divided among the parties to such agreement in proportion to their contributions towards such purchase; that the said property was conveyed to the plaintiff by a deed "absolute in form," and that subsequently the defendants Mulligan obtained, without any consideration therefor, from the plaintiff, her signature to an instrument in writing, purporting on its face to be an absolute conveyance in fee simple with full covenants of seisin and warranty, which conveyed the property to the defendant Agnes K. Mulligan, and that the said defendant Agnes K. Mulligan claims to be the absolute and sole owner in fee and in possession of said property; that said deed purports to have been acknowledged before the defendant William G. Mulligan as a notary public; that the plaintiff did not sign or execute the said instrument purporting to be a deed of conveyance with any knowledge of its contents whatever, and did not at any time deliver the same, or cause it to be delivered, to the defendant Agnes K. Mulligan, or to any person for her behalf or on her account; that she did not acknowledge the execution of said deed before the said William G. Mulligan with any knowledge whatever of its contents, and that she never conveyed, or intended to convey, to the defendant Agnes K. Mulligan, the real property described, or any part thereof, or any interest therein; that the said defendants Mulligan, acting as plaintiff's attorneys and counsel and legal advisers, with intent and with the preconcerted design of obtaining title to the property, and in violation of the trust and confidence reposed in them by the plaintiff, and with the design to take undue and fraudulent advantage of the plaintiff's confidence in them as attorneys, counsel, and legal advisers to her, procured her signature to the instrument purporting to be an absolute conveyance. And the plaintiff demands judgment that the instrument in writing, purporting to be a conveyance in fee of the real property described in the complaint, be vacated, set aside, and annulled as fraudulent and void, and that the plaintiff be adjudged to hold the title to the real property described in the amended complaint under the agreement in trust for herself and for the benefit of all other persons who have contributed to its purchase, according to their respective rights and interests therein; and for such other and further judgment, decree, or order in the premises as to the court may seem just.

The question is whether any cause of action was alleged against the defendant William G. Mulligan. There is no allegation in the complaint that he acquired any title or interest in the property by this conveyance, and no fact alleged to make him a necessary or proper party to the action for the purpose of insuring to the plaintiff a good title to the property in case she obtains a judgment declaring the conveyance to be fraudulent and void. Nor is this defendant (appellant) a proper party as one of those for whose benefit, under the agreement alleged, the plaintiff was to hold the property, as the other beneficiaries are not made parties. If this appellant, as a beneficiary, were a necessary party, then the demurrer should have been sustained upon the other ground stated, viz. that there was a defect of parties defendant in not making all the beneficiaries parties. It was held by the court be-

low, however, that this appellant was a proper party, under the principle stated in Brady v. McCosker, 1 N. Y. 214; Huggins v. King, 3 Barb. 619; Hammond v. Machine Co., 20 Barb. 386; and Pritchard v. Palmer, 88 Hun, 412, 34 N. Y. Supp. 787. In these cases it was held that, where persons are fraudulently charged with obtaining a convey-. ance of property, or a will or other instrument, in favor of an infant or absentee, from whom costs cannot be collected, upon filing a bill in equity to set aside such conveyance or instrument, it is proper to make the persons who conceived and carried the fraud into execution parties, to charge them with costs in the event of the plaintiff not being able to recover costs against the persons for whose immediate benefit the fraudulent instrument was obtained. But in all these cases some special facts were alleged to show that the persons thus sought to be charged with costs actually procured the execution of the instrument sought to be set aside, while the person in whose favor or for whose benefit the fraud was perpetrated was either an infant or an absentee, or that for some reason a judgment for costs would be ineffectual. These cases seem to be founded upon a decision of the lord chancellor in Bowles v. Stewart, 1 Schoales & L. 209. That was a case to set aside a release and the dismissal of a bill in equity upon the ground that they had been obtained by fraud. The person in whose favor the release was given was a resident of England, while the action was pending in the Irish court of chancery; and the plaintiff, in addition to the person in whose favor the release was given, made parties defendant his solicitor, a resident of Ireland, and another person, who were charged with having conspired to procure from the plaintiff a release of his claim. The solicitor claimed that he was improperly made a party, as he was simply acting in his capacity as solicitor; but Lord Redesdale held that he was properly made a party, as "he was not an acting party in the transaction, and properly brought to a hearing, and ought to be chargeable with the costs, so far as they relate to the release, in case they cannot be recovered of the other defendant." In Brady v. McCosker, supra, the plaintiff filed a bill to have declared void a will in favor of the defendants Maria L. and J. T. Brady, claiming that the execution of such will was fraudulent, and improperly procured by the defendant J. T. Brady, and that the same was null and void. Maria L. Brady was an infant, and it was alleged in the bill that the defendant J. T. Brady was the one guilty of the fraud. The court of appeals held that there was no misjoinder of parties, as J. T. Brady was a proper party to the bill, for the reasons suggested by the chancellor; and cited Bowles v. Stewart, supra. The opinion of the chancellor is found in 1 Barb. Ch. 343. The chancellor there said:

"The defendant J. T. Brady, being charged with fraud and collusion in obtaining that will in favor of an infant who could not be properly charged with the costs of the proceedings to set it aside, appears also to have been a proper, though not a necessary, party to the suit, for he might be personally charged with costs in case the complainant should succeed. His demurrer to the whole of the original bill does not, therefore, appear to have been well taken."

. The origin of the rule that a person through whose instrumentality a fraud has been committed may be made a party to an action to set

aside an instrument obtained through such fraud seems to have been founded upon the right of the complainant to have some one who was answerable for the costs; and thus, where the fraudulent scheme was to vest the title to property, or to obtain some advantage for a person against whom costs could not be collected, as an infant or an absentee, then the one responsible for the fraud may be made a party defendant for the purpose of casting such person with the costs in case such costs could not be collected from the person who was to benefit by the fraud. But, to make such a person a proper party, we think some fact should be alleged taking the case out of the ordinary rule that the proper parties defendant are those who have or claim an interest in the subject-matter of the action adverse to the plaintiff, or who are necessary for the complete determination or settlement of the questions involved. To hold otherwise would allow a plaintiff to make parties all those who, as attorneys or agents, aided in obtaining the execution of an instrument by fraud, although they obtained no property or advantage by the fraud, and no relief was asked as against them. The subject of parties to an action is regulated by article 1, tit. 2, c. 5, of the Code of Civil Procedure. By section 447 it is provided that any party may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein. This appellant would not be a proper party defendant within this section. We think, therefore, that the complaint fails to allege the facts which constitute a cause of action against him. The person to whom the property was transferred was before the court, was of full age, and, so far as appears, able to respond to any judgment awarded against her for costs. The allegations are that the fraud by which the execution of the deed was procured was the joint act of these two defendants, the deed conveying the property to one. The only relief asked is that the deed be declared void, and that it be declared that the legal title to the property was vested in the plaintiff. It is not alleged that the plaintiff sustained any damage by reason of the fraud committed; and no relief of any kind is asked against the appellant, the complaint even failing to ask for costs against either defendant. We think, therefore, that upon the facts as stated in the complaint no cause of action is alleged against this defendant.

The judgment must, therefore, be reversed, with costs in this court and in the court below, with leave to the plaintiff to amend her complaint within 20 days upon payment of such costs. All concur, except PATTERSON, J., dissenting.