### SINGER v. WEBER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

COMPLAINT—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

    Where a complaint avers that defendants entered into an unlawful combination or scheme with an intent hostile to plaintiff, without giving the nature and essence of the combination or scheme, and alleges that, pursuant to such combination or scheme, defendants maliciously pro-

cured plaintiff's discharge from the employ of a certain person, and by means of slanderous statements prevented him from securing other employment from divers persons, companies, and corporations, without stating in what manner defendants procured his discharge, or what the slanderous statements were, and to whom or when they were made, or to what persons, companies, or corporations he applied for employment, a motion to make it more definite and certain should be granted.

Appeal from special term, New York county.

Action by Charles Singer against Joseph Weber and Louis Fields. From an order denying defendants' motion for a bill of particulars, or to require plaintiff to make his complaint more definite and certain, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Moses H. Grossman, for appellants.
Lyman A. Spalding, for respondent.

BARRETT, J. We need not consider the question whether a bill of particulars was requisite to enable the defendants to prepare their answer, for the reason that the complaint is so clearly indefinite and uncertain that the second branch of the defendants' motion should have been granted. The reason why it was prepared without definite statements is furnished by the plaintiff himself in his affidavit read in opposition to the defendants' motion. In this affidavit he, in substance, confesses that his action is entirely unfounded, and that he has neither knowledge nor information with regard to any of the general charges which he makes. The complaint alleges that the defendants entered into an unlawful combination or scheme with an intent hostile to him. The intent is averred, but as to the nature and essence of the combination or scheme the complaint is entirely silent. It is then alleged that pursuant to the undisclosed combination or scheme the defendants maliciously procured the plaintiff's discharge from the employ of one Corbett, and by means of slanderous statements prevented him from securing other employment from divers persons, companies, and corporations. This is also indefinite. The plaintiff should state how and in what manner the defendants procured his discharge, and what slanderous statements they made to prevent his securing other employment, and to whom and when and where such slanderous statements were made. He should also state what persons, companies, and corporations he applied to for employment, and by whom or which he was denied it because of the defendants' alleged slanderous statements. If the plaintiff cannot make his complaint more definite and certain in some, at least, of these essential particulars, it is necessarily because he has no known cause of action. He should not have brought his action speculatively. There should certainly have been some basis of fact, founded either upon his own knowledge, or upon information justifying a reasonable man's belief. Upon his own confession, he might with equal propriety have brought this action blindly against the president of the United States and his cabinet.

The order appealed from should be reversed, with $10 costs and disbursements, and the defendants' motion to require the plaintiff to make his complaint more definite and certain in the particulars indicated granted, with $10 costs. All concur.