WILLIAM Y. ROBINSON, Appellant, *v.* JOHN P. BROWN and Others,. Respondents.

*Taxpayer's action — allegation that resolutions of village trustees were invalid and further that a certain contract made by the trustees was invalid — the facts alleged constitute separate and distinct causes of action and must be separately numbered and stated.*

The complaint in an action brought by a village taxpayer alleged that two resolutions authorizing the board of trustees of the village to raise by taxation certain sums for the purpose of purchasing a "suitable site and building an engine house and lock-up thereupon" were submitted to the electors of the village and were declared adopted by the village board of trustees acting as inspectors of election; that subsequently the president of the village, pursuant to a resolution of the board of trustees, borrowed $3,500 for that purpose and executed and delivered the promissory note of the village therefor; that in pursuance of another resolution of the board of trustees a site for the engine house and lock-up was purchased; that the beard of trustees threatened to borrow a further sum in pursuance of the resolutions adopted by the electors and to pledge the credit of the village therefor; that all the acts done or attempted by the board of trustees of the village were wholly illegal and void; that the submission of the question to the electors, the canvass of the votes and the declaration of the result were illegal and void and that any and all of the acts done or attempted to be done were void and that any expenditure thereunder constituted a waste and misuse of the funds and property of the village. It demanded judgment that the defendants, constituting the board of trustees of the village, be restrained from borrowing any further sum on the credit of the village; that the promissory note of the village be declared void and be delivered up and canceled; that the purchase of the site be declared void and that the money paid thereon be returned to the village by the trustees.

The complaint further alleged that the board of trustees entered into a contract with certain of the defendants for the erection of the engine house and lock-up·

and that all their acts in this regard were illegal, null and void, because the building to be erected was not properly arranged and was not suitable to the needs of the village and because the contract was let without affording an opportunity for competitive bidding as required by law and because the contract did not comply with the provisions of the Labor Law. It also alleged that the board of trustees had made and threatened to make certain payments to the contractors out of the funds of the village and it asked judgment that the defendants be restrained from so doing.

*Held*, assuming the plaintiff's theory of the law to be correct, that the complaint stated two separate and distinct causes of action which should be separately numbered and stated.

ADAMS, P. J., and WILLIAMS, J., dissented.

APPEAL by the plaintiff, William Y. Robinson, from two orders of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Livingston on the 3d and 4th days of November, 1899, respectively, directing the plaintiff to amend his complaint so as to separately state and number the two causes of action alleged to be set forth therein, or to eliminate one of said causes of action therefrom. One of said orders was made upon the motion of the defendants Foote, and the other on the motion of the other defendants.

The action was begun on the 7th day of October, 1899, to restrain the defendants, the board of trustees, from borrowing money and issuing the obligations of the village therefor, and from purchasing certain real estate for a site for an engine house and lock-up for said village ; and also to restrain all of the defendants from proceeding under an alleged void contract to erect such building.

The defendants Foote and the other defendants appeared separately and by different attorneys.

*D. S. Robinson* and *C. A. Norton*, for the appellant.

*L. A. Walker*, for the defendants Foote, respondents.

*Fletcher C. Peck*, for the other defendants, respondents.

MCLENNAN, J. :

The complaint in this action is divided into fourteen paragraphs, covers fifteen pages of the printed record, and in form purports to state but a single cause of action.

The plaintiff alleges, among other things, that he is a resident of and taxpayer in the village of Nunda, N. Y., which is a municipal corporation, and is assessed upon property in said village for more than

$1,000, upon which he has paid taxes within one year before the commencement of this action ; that the defendant Brown is the president of the village, and that the defendants Haines, Hughes, Taylor and Northway are its trustees, and together constitute its board of trustees.

It is further alleged that at a general village election held in April, 1899, a resolution was submitted to and voted upon by the electors of the village, authorizing the board of trustees to raise by taxation the sum of $4,000 for the purpose " of purchasing a *suitable site and building an engine house and lock-up thereupon ;*" that the board of trustees, acting as inspectors of election, declared said resolution carried ; that in July following, the board of trustees procured a special election to be held, at which a resolution was submitted and voted upon authorizing the further sum of $1,500 to be raised for like purpose, and authorizing the old engine house property to be sold by the trustees, and the proceeds to be applied to the erection of the new structure, and that said board of trustees, acting as inspectors of election, declared said resolution carried ; that in May, 1899, the board of trustees, at a regular meeting, adopted a resolution authorizing the president of the village to borrow from the Rochester Trust and Safe Deposit Company $3,500, with which to purchase a site and erect an engine house and lock-up, and to execute and deliver to said trust company the promissory note of said village therefor ; that, pursuant to said resolution, the money was borrowed and such note executed and delivered ; that in May, 1899, pursuant to a resolution adopted at a meeting of the board, a site for the engine house and lock-up was purchased for the sum of $740, and a deed of conveyance received therefor.

It is further alleged that the board of trustees threaten to borrow the further sum of $1,500, under and in pursuance of the resolutions adopted at said general and special elections, and to pledge the credit of the village therefor.

It is alleged specifically that all the acts above set forth, done or attempted to be done, by or on behalf of the defendants constituting the board of trustees of the village, were and are illegal and wholly void ; that the submission of the question to the electors at both the general and special elections, the canvass of the votes cast and the declarations of the result, were and are in all respects illegal and void, and that any and all acts done or attempted to be done were

void, and that any expenditure thereunder constituted a waste and misuse of the funds and property of the village.

Before calling attention to the other facts or set of facts set forth in the complaint, it is proper to say that in our opinion a complete cause of action has been stated against the defendants constituting the board of trustees, and that upon establishing such facts, if sufficient in law, the plaintiff will be entitled to the specific relief which, among other things is demanded, to wit, that the defendants, trustees, be restrained from borrowing any further money on the credit of the village; that the obligations of the village given to the trust company be declared void, delivered up and canceled; that the purchase of the site be declared void, and the money paid thereon returned to the village by the trustees.

The specific complaint is that the defendants, trustees, are guilty of wrong in pledging the credit of the village to borrow money, without authority; are guilty of wrong in purchasing real estate without authority. It is not alleged that the village does not require a new engine house and lock-up, or that the site purchased is not in all respects suitable; nor is it alleged that it would not be proper to borrow money for the purpose of paying for the site and the erection of the building; but the allegation is that all the proceedings taken to that end were and are void, and that within the meaning of the law the plaintiff has sustained damage.

Assuming the facts to be true and the law as claimed, there is no answer to the proposition. A complete cause of action is stated, and if the facts are proven upon the trial, the plaintiff will be entitled to the relief demanded. It will be observed that there is no allegation which in any manner connects the defendants Foote with the transactions, and that no relief is thus far demanded which in any manner affects them.

But the complaint further alleges that the board of trustees, on the 15th day of September, 1899, entered into a contract with the defendants Foote for the erection by them of the engine house and lock up in question, and that all their acts in that regard were illegal, null and void :

1. Because the plans and specifications called for a building that was not properly arranged, and one not required by or suitable for the needs of the village.

2. Because the contract was let to the defendants Foote without affording opportunity for competitive bidding, as required by law; and,

3. Because the contract did not comply with the provisions of the Labor Law, so called, being chapter 415 of the Laws of 1897, as amended, and that the contractors are proceeding with the work in violation of its provisions.

It is alleged that, notwithstanding said contract is entirely null and void, the board of trustees have paid and are threatening to pay out the funds of the village to the defendants Foote thereunder, to plaintiff's damage, and he asks judgment that the defendants be restrained from so doing.

If the facts last above referred to are true, clearly the plaintiff is entitled to the relief demanded, and entirely independent of the group of facts first referred to, and which in and of themselves constitute a cause of action.

The plaintiff alleges that the contract itself is void, and if so it is entirely immaterial what was the authority of the board of trustees, or how full and ample it may have been to make a contract. The performance of the contract in question must be restrained.

If the facts first referred to are established, and are sufficient in law, then the board of trustees must be restrained from borrowing money, buying a site or erecting any building under the proceedings already had. If such facts are not established, but the second group of facts are, then the action of the trustees in borrowing money, pledging the credit of the village therefor, buying the site and paying for it, may all stand, and only the contract made with the defendants Foote must fall. They would be at liberty to immediately enter into a new contract for the erection of an engine house and lock-up. The two causes of action are separate and distinct; the alleged wrongs constituting the same respectively are in no manner connected or dependent one upon the other, and the relief demanded as applicable to each is different.

The meaning and scheme of the complaint may be illustrated: An agent has funds in his possession belonging to his principal, to be used, as is claimed, for a particular purpose. Contrary to instructions, to the knowledge of A., the agent purchases from him a wagon and pays for it with the principal's money; he also, having author-

ity so to do, purchases a horse from A., but under a contract which is absolutely void. In an action brought to recover back the purchase price of the wagon and horse, if the facts are as stated, two distinct and separate causes of action would be alleged. One would consist in receiving the money of the principal from the agent for an unauthorized purpose, to the knowledge of A.; the other in receiving the money of the principal under a void contract, and in no way depending upon the agent's authority.

Separate causes of action exist when a plaintiff may demand a separate judgment or different form of relief in different actions, if he does not elect to include his whole claim against the defendant in a single action. (*Richards* v. *Kinsley*, 14 N. Y. St. Repr. 701.)

The plaintiff in this case might have brought an action and alleged in his complaint the first set of facts, and if he had proved them upon the trial and they were sufficient in law (which we do not decide), he would be entitled to restrain the defendants from borrowing money, from pledging the credit of the village, from buying or paying for the engine house site.

He could have at the same time brought another action, omitting all the allegations of fact contained in the complaint in the first action, and alleged simply the facts showing the invalidity of the contract, and if proven upon the trial and they were insufficient in law (which we do not decide), he would be entitled to judgment restraining the defendants from proceeding under such contract, or paying out the funds of the village thereunder. (*Bell* v. *Merrifield*, 14 N. Y. St. Repr. 796.)

Different claims may not be united in a single cause of action by stating them together instead of separately. (*Newcombe* v. *C. & N. W. R. Co.*, 28 N. Y. St. Repr. 716; *McKenzie* v. *Fox*, 29 id. 106; Pomeroy Rem. & Rem. R. §§ 455, 456.)

The conclusion is reached that the plaintiff has united two causes of action in his complaint, and that he should be required to separately state and number them.

The orders appealed from should be affirmed, with ten dollars costs and disbursements.

SPRING and LAUGHLIN, JJ., concurred; ADAMS, P. J., and WILLIAMS, J., dissented.

Order affirmed, with ten dollars costs and disbursements.