(64 App. Div. 44.)

## LEWIS v. HOWE et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

QUIETING TITLE—PLEADING—CAUSES OF ACTION—SEPARATE RELIEF—JOINDER.
   A complaint which alleged that plaintiff owned land in which defendants' claimed an interest under a devise which was void because testator did not own the land, and prayed that defendants' claims be adjudged invalid, and that the cloud on plaintiff's title be removed, and plaintiff be adjudged the owner and entitled to possession, stated only one cause of action, though demanding several distinct items of relief.

Appeal from special term, Onondaga county.

Action by Cora L. Lewis against Celia M. Howe and others. From an order denying their motion to compel plaintiff to separate the causes of action, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

O. B. Gould, for appellants.
Giles S. Piper, for respondent.

McLENNAN, J. The motion was properly denied upon the merits. The complaint states but a single cause of action, although several distinct items of relief are demanded. The cause of action alleged is, in substance, that, the plaintiff being the owner in fee of certain real property (describing it), the appellants unjustly claim to own it under and by virtue of a devise contained in the last will and testament of one Charles G. Case, deceased; that such will was duly admitted to probate and recorded, and so upon the record the devisee appears as the owner of the premises, although, as is alleged, such devise is void and conveyed no title, for the reason that the testator at the time the will was made, or at any time subsequently, did not own the premises. Every fact alleged in the complaint is directed to the proposition that Charles G. Case, deceased, did not own the property at the time he assumed to devise it, but that the plaintiff's grantor did. If the testator was such owner at the time, then the appellants became such owners, they

being the heirs of Mary Juliet Porter, the devisee named. If he did not, then, concededly, they have no right, title, or interest to or in such property, and the plaintiff is the owner of the same. The plaintiff asks, if it shall be determined that she is the owner of the premises in question, that it shall be adjudged that the appellants' claims, which are adverse to her, are of no force or validity, and also that the cloud upon her title created by the devise be removed, and that it be adjudged that she is the owner of, and entitled to possession of, the premises. In order to obtain any part of the relief demanded, precisely the same facts would have to be proven as would be necessary in order to entitle her to any other part of such relief. It cannot be held that the same state of facts constitute separate and distinct causes of action because they may entitle a plaintiff to one or more different or distinct forms of relief. The test as applied to the case at bar is whether or not the plaintiff, if she had brought an action to compel the determination of the adverse claims of the appellants, and had alleged the same facts as are contained in the complaint, all of which would have been necessary, would have been permitted to maintain another action, alleging precisely the same facts, to remove the cloud upon her title. We think it clear that the first action would have been a bar to the second. In Richards v. Kinsley, 14 N. Y. St. Rep. 701, it was held that separate causes of action exist only when the plaintiff might demand separate judgments for different sums of money, or different forms of relief in different actions, if he did not elect to include his whole claim against the defendant in a single action. Robinson v. Brown, 166 N. Y. 159, 59 N. E. 775; Gilbert v. Pritchard, 41 Hun, 46; Welch v. Platt, 32 Hun, 194. The cases cited, we think, show beyond controversy that the complaint contains but a single cause of action, although different forms of relief—all dependent, however, upon the same state of facts—are demanded.

We deem it unnecessary to consider the preliminary objections urged by the respondent's counsel to the granting of the motion. It follows that the order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.