(42 Misc. Rep. 8.)

### WOODS v. McCLURE et al.

(Supreme Court, Special Term, Rensselaer County. November, 1903.)

1. PLEADING—COMPLAINT—NUMBERING CAUSES OF ACTION.
    A plaintiff cannot be required to state separately and number causes of action on motion of the defendant, where there is a doubt whether the complaint sets up a single cause of action or several.

Action by Rose M. Woods, executrix of Francis H. Woods, against Charles McClure and others. Motion to require plaintiff to separately state and number different causes of action contained in the complaint denied.

Mead & Hatt, for the motion.
John J. McManus, opposed.

COCHRANE, J. This is an equitable action, and the complaint demands equitable relief. The agreements referred to in the complaint, standing by themselves, do not establish causes of action against any of the defendants, excepting those who signed them. The theory of the plaintiff is that they merely constitute one element, which with others make out a case for equitable relief. The plaintiff's testator was the special guardian for all of the infants interested under the will of James McClure, under a common appointment by the surrogate. The services performed by him as such special guardian related exclusively to the same estate, and were rendered for the benefit of all the infants without discrimination. They jointly, and not independently, received the fruits of his efforts. The only ground for the contention that separate causes of action exist against the defendants is the fact that separate agreements were signed by the respective mothers of the two groups of children. They were signed, however, at the same time, and had reference to the same matter, and were of the same purport. And the action is not based solely on these

agreements. They constitute one link in the chain of circumstances establishing the alleged cause of action. The plaintiff claims that her complaint states but a single cause of action in equity. Whether the facts alleged, if established, entitle her to relief, is not the question here, and need not be considered on this motion. But she should be permitted to pursue her action on her own theory, right or wrong, until it is decided by demurrer or trial. If the complaint clearly and unequivocally sets forth two causes of action in equity, doubtless the plaintiff may be required by motion to separately state and number the same. But where there is doubt as to whether one or more causes of action are set forth, the plaintiff on a motion of this kind should be permitted to determine that question for himself, and should not be required to break up, into different causes of action, facts which he claims constitute but a single cause of action. The views heretofore expressed find confirmation in the cases of Pope v. Kelly, 30 App. Div. 253, 51 N. Y. Supp. 557; O'Brien v. Blaut, 5 App. Div. 223, 39 N. Y. Supp. 218; Kolel Am. Vatiferes Jerusalem v. Eliach, 29 Misc. Rep. 499, 61 N. Y. Supp. 935; Lewis v. Howe, 64 App. Div. 44, 71 N. Y. Supp. 704; Hatch v. Matthews, 9 Misc. Rep. 307, 30 N. Y. Supp. 309. It is well established that, where the facts alleged are all parts of one continuous act creating a single cause of action, they may be united. Newcombe v. Chicago & Northwestern Railway Co. (Sup.) 8 N. Y. Supp. 366.

The authorities cited by the defendants are all actions at law, wherein, very clearly, different causes of action were united without separately stating and numbering them, except the case of Robinson v. Brown, 49 App. Div. 508, 63 N. Y. Supp. 413. The latter case, as decided by the Appellate Division, would be an authority supporting the defendants' contention here. But it was reversed by the Court of Appeals (166 N. Y. 159, 59 N. E. 775), and the opinion delivered in that court supports the plaintiff's contention on this motion.

Motion denied, with $10 costs.