(45 Misc. Rep. 262.)

## SMITH et al. v. IRVIN et al.*

(Supreme Court, Special Term, New York County. November, 1904.)

1. EQUITY—JURISDICTION.
    Equity having jurisdiction of an action will retain it to complete settlement of controversy.
    [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 104.]

2. PARTNERSHIP—ACCOUNTING—FRAUDULENT RELEASE.
    In an action for a partnership accounting the court may set aside for fraud a release barring plaintiff's right to relief.

3. PLEADING—SEPARATING CAUSES OF ACTION.
    Where it was the intent of plaintiff in an equitable action to state but one cause of action, and it is doubtful whether the complaint states more than one cause, a motion to separately state a number of causes of action will be denied, and defendants left to their remedy by demurrer.

4. SAME.
    Defendant is entitled to a definite statement of a charge intended to be made against him, but not to particulars of the time and place, unless material parts of the cause of action.

5. SAME—BILL OF PARTICULARS.
    The proper practice by which to obtain particulars as to the time and place of the transaction alleged in the complaint is by motion or bill of particulars.

6. FRAUD—PLEADING.
    Where the complaint alleges fraud, the pleadings must state facts showing the nature of the offense, and in what way it was committed.

7. PLEADING—PARTIES.
    Where the complaint refers to "other persons," and there is no averment that their names are not known, defendant is entitled to have the names of such persons definitely stated, where they may be necessary parties to the action.

Action by Mary I. Smith and Ethel Van Bergen against Mary M. Irvin and others. Motion for order directing plaintiffs to separately state two causes of action alleged to have been set forth in their amended complaint. Granted.

A. Coleman Smith, for plaintiffs.

Lord, Day & Lord, for defendant Mary M. Irvin.

CLARKE, J. Motion is made for an order directing plaintiffs to separately state and number two causes of action alleged to be set forth in their amended complaint, directing plaintiffs to elect upon which cause of action they shall seek relief, and that all allegations setting forth other causes of action be stricken from the amended complaint, and further directing that plaintiffs make definite and certain several allegations thereof. The early history of the litigation is reported in Matter of Irvin, 68 App. Div. 158, 74 N. Y. Supp. 443, and Id., 87 App. Div. 466, 84 N. Y. Supp. 707, and the facts need not be restated. In brief, the suit is brought by the children of Alexander P. Irvin, one partner of a firm, of which the other members were Richard Irvin, Sr., and Richard Irvin, Jr., all of whom are now deceased, to compel an accounting of the copartnership affairs by the personal representatives of the decedents and those into whose hands partnership property is

*Affirmed on appeal. See 92 N. Y. Supp. 1146.

alleged to have been transferred. The plaintiffs, in addition to their demand for an account between the respective parties and payment over of such amounts as may be found due, also seek a decree that an agreement dated May 1, 1895, and the transfers thereunder of securities of the firm to Richard Irvin, Jr., one of the deceased partners, be set aside as fraudulent against the plaintiffs, and void. The defendant Mary Irvin, individually and as executrix of Richard Irvin, Jr., contends that the suit to set aside said agreement is an independent cause of action, and should be separately stated and numbered. In the complaint originally served there was no mention of this agreement, but it was set up in the answer served by one of the defendants as a defense and bar to the action. In the amended complaint plaintiffs plead this contract, and ask that it be set aside as fraudulent. The terms and effect of the contract are not as fully set forth as they are in the answer. Plaintiffs describe the contract as one "by which the parties interested in the estate of Richard Irvin, Sr., including these plaintiffs, consented and agreed that William Irvin, as executor, should assign, transfer, and set over to Richard Irvin, Sr., individually, all the interest of said estate in the assets, securities and claims of the firm of Richard Irvin & Co. as yet uncollected and paid over to the executors." The defendants urge that as Alexander Irvin died before Richard Irvin, Sr., that Alexander's estate had no interest in the estate of Richard, Sr., which estate is all that is alleged to have been assigned by this agreement. That plaintiffs, as next of kin of Richard, Sr., if the agreement was obtained by fraud, are entitled to have the same set aside and the property misappropriated returned, and the shares of the estate of Richard, Sr., thereby increased; but that this has nothing to do with the partnership accounting of the firm of which Alexander was a member, and which accounting plaintiffs now claim as Alexander's next of kin. The plaintiffs have sufficiently described the contract to identify it. If such contract assigns all assets of the firm of Richard Irvin & Co. as it existed at the time of the death of Alexander P. Irvin, and "relinquished and released all their [plaintiffs'] rights to have an accounting as to any of the said successive firms of Richard Irvin & Co. from the beginning thereof to the date of said agreement, or to demand any assets that were or ever had been the property of any of said successive firms," as alleged in the verified answer to the original complaint, it is obviously a good defense and bar to the accounting, and, in order to succeed, plaintiffs must, as part of their relief, have such agreement set aside. But, reading the amended complaint as presented, without reference to the previous pleadings in the action, it appears that the assignment transfers interests of the plaintiffs as next of kin of Alexander Irvin. The complaint alleges that the firm of Richard Irvin & Co. was, after the death of Alexander, continued by Richard Irvin, Sr., and Richard Irvin, Jr., and the assets of the former firm were appropriated by them, so that the estate of Richard Irvin, Sr., was enriched at the expense of these plaintiffs, and the transfer of his interest in the firm would diminish the share of these plaintiffs as the representatives of Alexander Irvin.

A court of equity having jurisdiction of a cause of action will give such relief as is necessary to make a complete settlement of the con-

troversy. In a suit for an accounting the funds may be followed, and
restoration decreed: Holmes v. Gilman, 138 N. Y. 369, 34 N. E. 205,
20 L. R. A. 566, 34 Am. St. Rep. 463; Haddow v. Lundy, 59 N. Y. 320.
Where a release or an assignment has been obtained by fraud, and,
unless set aside, would defeat an accounting, a court of equity may, in a
suit for an accounting, direct that the agreement be set aside. Sanders
v. Soutter, 126 N. Y. 193, 201, 27 N. E. 263. In this case it is not clear
that there are two independent and distinct causes of action. The plain-
tiffs intend to frame but one cause of action for an accounting, and the
prayer for a decree setting aside the agreement appears to be merely in-
cidental to the accounting sought. In a court of equity, when it is fairly
doubtful whether the complaint states more than one cause of action,
and plaintiff intends to state but one, a motion to separately state and
number should not be granted, but the defendants should be left to their
remedy by demurrer. Pope v. Kelly, 30 App. Div. 253, 51 N. Y. Supp.
557; People v. Buell, 85 App. Div. 141, 83 N. Y. Supp. 143; Woods
v. McClure, 42 Misc. Rep. 8, 85 N. Y. Supp. 549. Whether the action
can be maintained upon plaintiffs' theory of a single cause of action
in equity need not be and is not determined on this motion, as such
question can only be raised by demurrer. O'Brien v. Blaut, 5 App.
Div. 223, 39 N. Y. Supp. 218. The several allegations which defendant
moves be made definite and certain are all contained in that part of
the complaint which sets up the alleged fraudulent procurement of the
agreement by which the plaintiffs' interests in the firm of Richard Irvin
& Co. were assigned to Richard Irvin, Sr. Under section 546 of the
Code of Civil Procedure, where "allegations contained in a pleading
are so indefinite or uncertain that the precise meaning or application
thereof is not apparent, the court may require the pleading to be made
definite and certain by amendment." The authorities are apparently
conflicting in interpreting this section, and as each case must be deter-
mined with reference to the particular facts alleged, the application of
general rules is difficult. It is held that a party is entitled to a definite
statement in the pleading of the nature of the charge intended to be
made against him, but not of the particulars or circumstances of time
and place, which are properly obtained by a bill of particulars. Tilton
v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337; Dumar v. Witherbee, Sher-
man & Co., 88 App. Div. 181, 84 N. Y. Supp. 669. But when partic-
ulars of time and place are material parts of the cause of action or de-
fense they must be definitely stated, as any other necessary element, and
may be directed to be made definite and certain on motion. Warner v.
James, 94 App. Div. 257, 87 N. Y. Supp. 976; Viner v. James, 92 App.
Div. 542, 87 N. Y. Supp. 257; Dumar v. Witherbee, Sherman & Co.,
88 App. Div. 181, 184, 84 N. Y. Supp. 669; Ruggles v. O'Brien, 79
App. Div. 641, 79 N. Y. Supp. 940; People ex rel. Crane v. Ryder, 12 N.
Y. 433, 442; Rosenthall v. Rosenthall (Sup.) 10 N. Y. Supp. 455. Where
fraud or unlawful combination is alleged, the pleading must state facts
showing the nature and essence of the offense, how and in what man-
ner the offense was committed (Singer v. Weber, 44 App. Div. 134,
60 N. Y. Supp. 641), for "mere general allegations of fraud or con-
spiracy are of no value as stating a cause of action" (Wood v. Amory,
105 N. Y. 278, 282, 11 N. E. 636). On the other hand, where the mean-
ing or application of an allegation in an action for fraud is reasonably

apparent, and the party is informed of the nature of the charge, an amendment will not be directed. American Nat. Bank v. Grace, 67 Hun, 432, 22 N. Y. Supp. 121. Mr. Justice Hatch, in Cook v. Matteson (Sup.) 11 N. Y. Supp. 572, says: "The right to relief depends upon whether or no the charge is obscure. If the precise nature of the charge is apparent then the statute is not authority for granting relief. Tilton v. Beecher, 59 N. Y. 183, 17 Am. Rep. 337. Insufficiency in this respect must plainly appear. People, etc., v. Tweed, 63 N. Y. 201." In Stern v. Ladew, 22 N. Y. Supp. 116, Presiding Justice Van Brunt, denying a motion to make definite and certain in an action for relief from accounts stated on the ground that they contained mistakes or fraudulent items, says: "The items are given in which it is claimed this mistake or fraud was committed, and there is no ambiguity in reference thereto, or uncertainty as to the theory upon which the plaintiff proposes to prove his cause of action." In the complaint before me the statements of Richard Irvin, Sr., which are alleged to be in fraud of plaintiffs, are, first, that at the time of their father's death his interest in the firm was of no value; that he misrepresented the true situation and facts as to the assets of the late firm; that he had liquidated all the assets and affairs of said firm except certain book accounts, and concealed the existence, value, and amount of stocks, bonds, and other securities of the value of over $100,000 standing in the name of said firm and in its control. These misrepresentations are alleged in the first instance to have been made, as appears from the context, from time to time after the death of plaintiffs' father, and while plaintiffs were under the guardianship of Richard Irvin, Jr., and more specifically on or about May 1, 1895, when he induced William Irvin, as executor of Richard Irvin, Sr., and the persons interested in his estate, to enter into the agreement complained of. The defendant moves that these allegations of misrepresentation, which are in several paragraphs referred to as "said statements and representations," be made definite and certain by setting forth how, when, and in what form and manner they were made. Applying the rules already stated, the motion must be denied. The meaning and application of the allegations are clear, the theory upon which plaintiffs rely is not obscure, and further particulars of time and place are not essential to a comprehensive statement of the cause of action. Defendant also moves for direction that the names of those who are in several paragraphs mentioned as "other persons interested in the estate of Richard Irvin, Sr.," or "the parties interested" therein be stated, together with their interests. As such persons are alleged to have also agreed to the assignment which plaintiffs pray be set aside, they may be necessary parties for a complete determination of the questions involved, as the agreement may not be set aside without affording them an opportunity to be heard. Code Civ. Proc. § 447; National Broadway Bank v. Yuengling, 58 Hun, 474, 12 N. Y. Supp. 762; Seiferd v. Mulligan, 36 App. Div. 33, 38, 55 N. Y. Supp. 140. The names of those who are necessarily referred to in a pleading and their interest should appear with certainty. In the absence of an averment that their names are known, parties referred to as "others" must be made definite and certain. Morgan L. & T. S. S. Co. v. De Arrotegui (D. C.) 25 Fed. 624. Settle order as indicated on notice. No costs.

Ordered accordingly.