Henry Epstein, J.
This plaintiff, as trustee under trust agreements known as Music Performance Trust Fund, began this action in December, 1956. He seeks to have various trust and labor agreements held valid. Defendants are some 40 New York musicians, 9 phonograph record manufacturers, and some 13 distributors of films for television. American Federation of Musicians of the United States and Canada *603 is also a defendant. This latter defendant’s postion is in support of plaintiff trustee. This is an action for a declaratory judgment under section 473 of the Civil Practice Act. The exercise of this power is one which this court cannot and should not readily or arbitrarily refuse (Rules Civ. Prac., rule 212). Various aspects of this action and other actions in California have been up and down the judicial ladders of California and this State and in the California suits have, in elementary phases at least, reached the United States Supreme Court. All these will be subject of comment in this opinion. The records and briefs in the Supreme Court of the United States were requested by this court and were obtained, some from California counsel. A careful study has been made of the contents of those records and briefs. This court is not insensitive to the impact of its conclusion and the ramifications of the underlying labor problems. This decision is made with a very high regard for the juridical findings of our sister State of California, whose substantive and procedural law so closely parallel those of this State. This decision is made in the hope that it will aid in the resolution of the litigation pending in California and involving the subject matter herein concerned; it is also made after a close study of the ruling of the Supreme Court of the United States, in the appeals there from the interim conclusions reached by the California Supreme Court. In the papers before this court practically every contention and factual problem is set forth in the affidavits, exhibits and court records made available for the court’s consideration. Able counsel have assisted the court by forthright analysis of the contentions of each in argument and briefs.
Federation (American Federation of Musicians of the United States and Canada) sought to relieve the ravages of technological unemployment resulting from commercial use of recorded music. It had at times refused consent to the production of such records for phonograph by members as well as the use for television of motion pictures. This history dates back to the era before 1948. Ultimately agreements were reached with the manufacturers of phonograph records and television film distributors whereby trust funds were established to enhance employment opportunities for musicians; to educate the public in the appreciation of “ live music”. The sources of these funds are the manufacturers of records and distributors of films. The original trust agreements have been followed and supplemented by those here under consideration: Phonograph Record Trust Agreement (Jan. 1, 1954) and *604 Hollywood Film Trust Agreement (Feb. 1, 1954). Plaintiff is trustee under these agreements.
These trusts were created in New York. The agreements were reached and made in New York. New York law was expressly agreed as the law to govern the construing and applying the trust funds. At least two thirds of the recordings are made in New York. The central offices and controlling forces of the distribution industry are in New York. The headquarters of the Federation as a union affected is in New York. The trust offices must be maintained in New York. All the assets of the trust, including bank accounts and securities, are, with minor exceptions, in New York. The trustee conducts no activities in California; has no agent in California, and is not a party to the litigation in California. The benefits of the trusts are for all musicians in the country and not just those in California or those employed in making recordings. These are undisputed facts which weigh heavily on the conscience of the court, when the trustee brings this proceeding in New York for a declaration of his status and the validity of the trusts. As trustee of an educational trust, plaintiff has a right to obtain a determination of the validity of his trust. Legal title to the trust property vests in him as trustee and control of such powers are vested in this court (Personal Property Law, § 12, subds. 1, 2). The dispute here involves moneys due to plaintiff as trustee under the respective agreements. He is the beneficiary under the collective agreements and represents the ultimate beneficiaries under the educational trust. Some $6,000,000 to $7,000,000 annually is paid into the trust fund. The members and officers of Local 47 of the Federation (the Los Angeles, California, local) sought to have these funds for their own use and benefit. They failed in their efforts within the Federation’s procedures. Their opposite number in New York (Local 802) supports the trustee and Federation. Understandably disappointed in not obtaining the sole benefits sought through Federation, defendants (at least to the extent represented herein) began two actions in California’s courts in November, 1956. Jurisdiction over plaintiff is absent in the California actions; even in rem jurisdiction over the impounded funds there is lacking, representing an attempt not to garnish a debt against the creditor but to litigate the creditor’s title to the debt with no jurisdiction over the creditor. The dismissal of the appeals in the United States Supreme Court merely held open the basic question pending the California actions going: to judgment.
*605 The instant motion is by some of the defendants: to dismiss the complaint on the thesis that there is no merit in the action; to cause the court to refrain from exercising its discretion to issue a declaratory judgment; or to dismiss certain causes of action; or to stay this action until the final termination of the California actions. Motions by defendants to dismiss and to stay proceedings were denied (N. Y. L. J., June 28, 1957, p. 5, col. 3) and sustained by the Appellate Division (4 A D 2d 1033). Defendants have answered the complaint and challenge the validity of the trusts, claiming breach of fiduciary duties of defendant Federation. Plaintiff has circularized in trade and labor publications in California, so that interested musicians might intervene here. Jurisdiction of this court is ample and the most expeditious means of reaching a final determination of the issues raised by defendants. To compel the New York trustee, not a party to the California actions, or subject to its jurisdiction, to go 3,000 miles to submit to a jurisdiction and there to litigate matters, all of whose activities are centered in New York, does not appeal to this court at the exercise of a wise discretion. Nor does it appear that defendants are put to any great hardship to defend this action. Funds for prosecuting the California actions wore collected in New York by defendant Martin G-rupp.
It does not strike this court that the decision of the United States Supreme Court (Columbia Broadcasting System v. Atkinson, 357 U. S. 569) in the California actions in any way removed ‘ ‘ all impediments to the trial of the actions in California ” as claimed by counsel for defendants here (affidavit of Jules N. Bloch, p. 2). Nor would it appear that the California actions “ were instituted with the unanimous consent of Local 47 ”, when plaintiff’s papers assert the expulsion from Local 47 of those who dissented. This court (Mr. Justice Mabkewich) on June 27, 1957, held this action presents ££ a justiciable dispute ” distinct from the California actions. That determination was affirmed by the Appellate Division of this court (4 A D 2d 1033). Careful study of this complaint, the exhaustive exhibits annexed to the answer, and the affidavits furnished on this motion, the records and briefs in the California cases before the Supreme Court of the United States, the opinions of the California courts in the cases there pending — all these, accepting the statements at face value, could perhaps furnish this court with adequate basis for rendering ultimate judgment. It is ample material on which to base the conclusion that this action must be allowed to proceed expeditiously to trial and judgment.
*606 That a controversy exists which calls for prompt adjudication cannot be disputed. The proper and necessary parties are before this court, whereas they were not and are not before the California courts (Berle v. Dawkins, 150 Misc. 911; 2 Carmody-Wait, New York Practice, p. 680; Smith v. Irvin, 45 Misc. 262, affd. 102 App. Div. 614). The trust here under consideration had been approved by the Solicitor for the United States Department of Labor in 1948 and recognized by the Internal Revenue Service as an educational trust (U. S. Internal Revenue Service, Pub. No. 78, June 30, 1957 ed., p. 176, col. 3). Irrespective of the California actions, plaintiff must here seek a determination of his rights and obligations as trustee. The California actions are not “ actions pending ” for purpose of restraining the instant action by plaintiff (Dresdner v. Goldman Sachs Trad. Corp., 240 App. Div. 242, 243; Westminister Church v. Presbytery of New York, 211 N. Y. 214, 219-220; Rosenberg v. Slotchin, 181 App. Div. 137, 139-140). California concededly has no personal jurisdiction over plaintiff and could not therefore exercise control over plaintiff’s funds in New York (Atkinson v. Superior Court, 49 Cal. 2d 338). Decisions in the United States Supreme Court amply support this proposition (New York Life Ins. Co. v. Dunlevy, 241 U. S. 518, 522-523; Hanson v. Denckla, 357 U. S. 235, decided June 23, 1958). These cases are weighty factors in plaintiff’s favor in the instant action. There are no “ subsequent events ” of such weight as to alter the prior refusal of this court to dismiss this complaint (the quoted words are from the Appellate Division’s memorandum opinion 4 A D 2d 1033). The issue in California is limited to the disposition of particular moneys there tied up and not in any way there determined binding on plaintiff as a judgment in personam re the validity of the trusts. We observe no compelling or even persuasive reason to force the trustee to submit to the jurisdiction in California and abandon the jurisdiction in New York by whose law the trust agreements provide they are to be governed. The trustee, the Federation and the musicians are before this court. Here are the parties, the res, the situs of the trusts and the jurisdictional law to be applied to the trusts. The motion to dismiss the complaint or for a stay herein is denied. Settle order. California briefs may be called for.