PREMIUM COAL COMPANY, INC., Respondent, *v.* NEW HAMPSHIRE FIRE INSURANCE COMPANY, Appellant.

First Department, December 21, 1942.

*Henry H. Shepard* for appellant.

*Louis Zimmerman* for respondent.

COHN, J.  The action is brought to recover upon an open policy of inland marine insurance issued by defendant covering plaintiff's shipments of coal.  The complaint alleges that a shipment of coal was totally lost by the sinking of the barge *Jackie* upon which it was laden, due to perils of the sea.

By order of the Special Term there has been stricken from defendant's amended answer the two affirmative defenses contained therein. Defendant appeals from such order.

The first affirmative defense alleges that defendant was not to be liable upon the policy for loss of any coal unless the same was shipped on barges or vessels which had been approved by defendant for seaworthiness and that the barge *Jackie* referred to in the complaint was not an approved barge within the terms of the policy of insurance. The second affirmative defense avers that the defendant was not to be liable for the loss of any coal shipped on barges, which were unseaworthy, where the loss occurred because of such unseaworthiness and not by the perils of the sea, unless such barges had been approved by defendant for seaworthiness; that the barge *Jackie* had never been approved by defendant as contemplated by the parties; that the barge *Jackie* was unseaworthy and that the loss asserted was caused solely by such unseaworthiness.

These defenses do not necessarily contradict the express terms of the policy. Clause 5 of the rider attached to and made a part of the policy is an incomplete sentence. It states " Per approved barges, vessels or deck scows." Its apparent ambiguity, as defendant alleges, is explained when considered with clause 6 which recites " Seaworthiness of the vessel, barge and/or scows admitted as between the assurers and assured " and with clause 3 of the rider which reads " To cover all shipments of Coal owned or controlled by the Assured or for which they have orders to insure." Defendant interprets these three clauses taken together to mean that its policy of marine insurance issued to plaintiff covers all shipments of coal made by plaintiff on approved barges, vessels or deck scows and that the seaworthiness of *the* vessel, barge or deck scow once approved is admitted as between the assurers and assured. To strike out the two affirmative defenses would preclude defendant from establishing what may be a reasonable construction of the policy of insurance.

If the language of the rider is ambiguous, its construction should be determined upon a trial. Defendant should not be foreclosed from alleging and proving that its construction was the one intended by the parties. The law is settled that where the words used in a written contract are susceptible of more than one interpretation, the courts will look at the surrounding

circumstances existing when the contract was entered into, the situation of the parties and the subject-matter of the instrument. (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239; *Wilson* v. *Ford,* 209 N. Y. 186, 196.) While ambiguous words will be construed most strongly against the party who uses them (*Gillet* v. *Bank of America,* 160 N. Y. 555), when a term of a written contract requires definition in order to make its meaning clear and such definition is not given in the writing itself, it is always permissible to give that definition by extrinsic evidence. (*Rasmussen* v. *New York Life Ins. Co.,* 267 N. Y. 129, 132; *American Aniline Products, Inc.,* v. *Mitsui & Co., Ltd.,* 190 App. Div. 485, 489.)

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the first and second affirmative defenses in the amended answer denied.

GLENNON and DORE, JJ., concur; MARTIN, P. J., and CALLAHAN, J., dissent.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and the motion to dismiss the first and second affirmative defenses in the amended answer denied.