ELLA SCHELBERGER, Respondent, v. EDWIN J. SCHELBERG et al., as Administrators c. t. a. of the Estate of MARY M. SCHELBERG, Deceased, Appellants.— Action to recover from the estate of decedent $4,000 and interest. Judgment for plaintiff reversed on the law and the facts and a new trial granted, with costs to abide the event. The evidence is wholly insufficient to sustain a finding that decedent agreed to pay plaintiff $4,000. There is some evidence that decedent agreed to give plaintiff a second mortgage for $4,000 on a parcel of real property. The complaint may be interpreted as an action for breach of contract for failure to deliver such a $4,000 second mortgage, but there is no proof of damage as a consequence of a breach of such a contract, that is, there is no proof of actual value, if any, of such a mortgage. If it be found that a mortgage was agreed to be given, and that such a mortgage had in fact, no value, then for failure of proof of damage defendants should have judgment. If, however, there be acceptable proof that such a mortgage had some value, then to the extent of the value proved plaintiff would be entitled to a judgment. For the purposes of a new trial all findings of fact are reversed and conclusions of law disapproved. Close, P. J., Carswell and Aldrich, JJ., concur; Johnston, J., concurs for reversal but dissents as to the granting of a new

trial and votes to dismiss the complaint, with the following memorandum: Mary M. Schelberg, hereinafter called the decedent, was the holder of a $15,000 first mortgage and plaintiff the holder of a $7,000 second mortgage covering the premises No. 158 East 97th Street, Manhattan. In an action to foreclose the first mortgage, plaintiff, as second mortgagee, was joined as a defendant. It is alleged that while the foreclosure action was pending and on October 27, 1934, the decedent and the plaintiff agreed "that the plaintiff would satisfy her lien * * * and receive from the * * * [decedent] as consideration therefor, the sum of $4,000 to be secured by a second mortgage to be executed and delivered by the * * * [decedent] * * *." A copy of the alleged "agreement," signed only by decedent and attached to the complaint, so far as material, reads as follows: "I hereby agree to give to [plaintiff] a second mortgage of $4,000.00 without interest for the first two years; 5% interest for the next three years. Said mortgage to be given on premises 158 E. 97th St., N. Y. C. That [decedent] may designate any other property for said mortgage. * * *." It is also alleged that, pursuant to the "agreement," plaintiff executed and delivered a satisfaction of her $7,000 second mortgage, but decedent did not execute and deliver to plaintiff the $4,000 second mortgage referred to in the writing. It is further alleged that decedent died in September, 1939, and subsequently letters of administration c. t. a. were issued to defendants, to whom plaintiff presented her claim for $4,000 and interest, which claim the defendants refused to pay. Defendants in their answer deny the material allegations of the complaint, except they admit that plaintiff satisfied her $7,000 second mortgage and admit the presentation and rejection of plaintiff's claim, and on the trial defendants admitted that decedent did not execute and deliver to plaintiff the $4,000 second mortgage referred to in the writing. Plaintiff did not ask specific performance of the alleged agreement to give her a $4,000 second mortgage, nor did she seek judgment for the value of such mortgage, but demanded a personal money judgment for $4,000, together with interest at 5% from October 27, 1938, to October 27, 1939, and thereafter at the rate of 6%. As appears from its opinion (179 Misc. 982, 985), the court found "decedent intended to give plaintiff $4,000 for her $7,000 second mortgage" and awarded plaintiff judgment for the amount demanded in the complaint. In my opinion there is no credible evidence to support the finding of the trial court that "decedent intended to give plaintiff $4,000 for her $7,000 second mortgage." Assuming that the testimony of plaintiff and her daughter, to the effect that decedent agreed to pay plaintiff $4,000 for her $7,000 second mortgage was competent, it is repugnant to the express terms of the alleged "agreement" and was contradicted by defendant Edwin J. Schelberg, and by Mr. Borut, the only disinterested witness and the attorney who drew the alleged "agreement." The testimony of plaintiff and her daughter is so unbelievable and "against the probabilities and beyond reason that it overtaxes ordinary credulity". (Soma v. Handrulis, 252 App. Div. 332, 338–339, and cases cited.) It is so "highly improbable that it fails to rise to the standard of substantial evidence." (Bank of United States v. Manheim, 264 N. Y. 45, 51.) Adel, J., concurs with Johnston, J. [179 Misc. 982.]