DROESCH HOMES, INC., Plaintiff, *v.* WALTER L. PIETROS et al., Defendants.

Supreme Court, Special Term, Nassau County, May 10, 1945.

*Alicia R. O'Connor* for defendants.

*Henry Vollmer, Jr.,* and *Walter T. Wagner* for plaintiff.

C. A. JOHNSON, J. In an action for the specific performance of an agreement in writing affecting real estate situated in the county of Nassau, the defendants move (1) pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice to dismiss the amended complaint on the ground that the written instrument upon which the action is predicated is unenforcible under the provisions of the Statute of Frauds [Real Property Law, § 259] and (2) pursuant to rule 103 of the Rules of Civil Practice to strike out paragraphs " 7 ", " 8 " and " 9 " of

said amended complaint on the ground that the allegations thereof are " sham, frivolous, irrelevant * * * unnecessary " and " impertinent ".

(1) The defendants claim that the following provisions of the agreement are indefinite and incomplete insofar as the terms of sale to be included in a formal contract are concerned; that they do not provide for the length of time that the mortgage is to run, nor as to the terms of payment. " That upon entering into a formal contract pursuant to this option, the sum of One Thousand ($1000) Dollars will be paid on the contract, title is to be closed in sixty (60) days from the date of entering into the contract, at which time Ten Thousand ($10,000) Dollars will be paid including said deposit and the property will be taken subject to a mortgage of Sixteen Thousand ($16,000) Dollars, which mortgage will bear interest at the rate of 4% and which shall be extended for the termination of the war. The balance of the purchase price by a mortgage which shall bear no interest for the duration of the war. Said mortgage to contain releases whereby any five plots can be released at any one time based on 125% of the balance of the mortgage and said mortgage shall bear interest at the rate of 4%, commencing as, if and when the purchasers mentioned herein, shall obtain commitments from the Federal Housing Commission for the purpose of erecting one-story houses, or the termination of the war."

The fact that the agreement does not prescribe the duration or term of the mortgage does not make it so indefinite that no action may be predicated thereon. (*Morrison* v. *Brenmohl,* 137 App. Div. 4; *Spielvogel* v. *Veit,* 197 App. Div. 804.) Under such circumstances, the law implies the payment of the mortgage upon demand. (*Pollak* v. *Dapper,* 219 App. Div. 455.)

As to the provision in the agreement for the release of any five plots upon a payment of 125%, there is a well-defined custom and usage in connection with building operations on acreage being plotted into building plots, which may be established at the trial. The recognized custom of the trade, business or occupation is admissible. (*Drummond* v. *Norton Co.,* 156 App. Div. 126, 133, affd. 213 N. Y. 670.) Moreover, it has been held that where terms of a written agreement require definition to make its meaning clear and such definition is not given in the writing itself " it is always permissible to give that definition by extrinsic evidence." (*Premium Coal Co.* v. *New Hampshire Fire Ins. Co.,* 265 App. Div. 320, 322.) This applies with equal force to the clause that interest is to run on the proposed

purchase-money mortgage when commitments from the Federal Housing Commission for the purpose of erecting one-story houses are obtained, or on the termination of the war. What the parties meant by the last-mentioned terms is a mixed question of law and fact, not determinable as a matter of law on the pleadings. (*Italian Benevolent Institute* v. *Elaine Co., Inc.,* 240 App. Div. 196.)

It was stated in *Kenyon, et al.* v. *K. T. & M. M. A. Assn.* (122 N. Y. 247, 254): " It may preliminarily be observed that, as a general rule, the construction of a written instrument is a question of law for the court to determine, but when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact."

In *Piedmont Hotel Co.* v. *Nettleton Co.* (263 N. Y. 25, 30) the court said: " In the case at bar, evidence is necessary to establish in what sense the parties used the ambiguous clause in question and the defendant is entitled to have that question tried as an issue of fact."

In *Gillet* v. *Bank of America* (160 N. Y. 549) the rule was stated at page 555, in the following terse language: " Where a doubt exists as to the meaning of words, resort may be had to the surrounding facts and circumstances to determine the meaning intended. If the language of a promise may be understood in more senses than one, it is to be interpreted in the sense in which the promisor had reason to believe it was understood."

(2) Motions under rule 103 of the Rules of Civil Practice to strike out parts of a pleading are not favored; they are addressed to the sound discretion of the court which is to be exercised with caution. (*Dodge* v. *Campbell,* 223 App. Div. 471; *Solomon* v. *LaGuardia,* 267 App. Div. 435.) They are " granted only where it is evident that if denied the moving party will be prejudiced * * * and denied unless it is apparent that the adverse party will not be harmed." (*Indelli* v. *Lesster,* 130 App. Div. 548, 551; *Baruch* v. *Young,* 149 App. Div. 466; *Wayte* v. *Bowker Chemical Co.,* 196 App. Div. 665.)

I am of the opinion, in view of the foregoing principles, that the motion to strike out paragraphs " 7 ", " 8 " and " 9 " should be denied. The substance of the matter sought to be

stricken is to the effect that the defendant O'Connell at the time of the execution of the agreement in question was the plaintiff's attorney and drew the instrument. which was executed in his law office; that he represented to the officer acting for the plaintiff that he was the true owner of the property embraced in the agreement and his codefendant merely a " dummy "; that as such he induced the plaintiff, through its officer, to sign the agreement, representing that it was binding on all parties and was a good and sufficient agreement in accordance with the laws relating to the sale of real property in this State. If the foregoing be established, any doubt as to the meaning of the language used might properly be resolved in favor of the plaintiff. (See *Gillet* v. *Bank of America*, 160 N. Y. 549, *supra; Premium Coal Co.* v. *New Hampshire Fire Ins. Co.*, 265 App. Div. 320, *supra; Mutual Ins. Co.* v. *Hurni Co.*, 263 U. S. 167, 174; Note, 31 A. L. R. 108; *Simon* v. *Etgen*, 213 N. Y. 589; *McKenna* v. *Metropolitan Life Insurance Co.*, 220 App. Div. 53, 59.)

The defendants' motion is denied in all respects, without prejudice to the pleading by them in their answer of the defense of the Statute of Frauds, as permitted by rule 108 of the Rules of Civil Practice. If the questions of fact above referred to are resolved against the plaintiff, the defendants will thus be enabled to take advantage of the Statute of Frauds.

Submit order.