ANCHIN, BLOCK & ANCHIN, Respondent, *v.* PENNSYLVANIA COAL AND COKE CORPORATION, Appellant.

*Per Curiam.* In this action by plaintiff, an accounting firm, to recover for services rendered, "fifteen (15%) per cent of any benefits and interest resulting to the [defendant] corporation" from deductions for losses arising from disposition of its coal properties claimed in its filed Federal income tax returns, the jury rendered a verdict in favor of plaintiff for the sum of $30,969 on the first cause of action. It also found for plaintiff on the second cause of action for $750. Implicit in the verdict on the first cause of action, is included the sum of $4,815.90 " interest " based upon 15% of tax savings' interest.

Such interest covered the period from the dates when the tax returns were filed (March 1, 1948 and March 15, 1949) to the dates when the reports of the Federal internal revenue agents in charge finally settled the 1947 and 1948 tax returns (March 15, 1951 and August 15, 1951). The dates of such reports supplied the termination of the period for the computation of interest. It is to be noted that neither in its pleadings nor before both sides had rested at the trial, had defendant at any time contended that plaintiff was not entitled to a share of the interest saved as claimed by plaintiff in its complaint; likewise plaintiff relied on the terms of the retainer agreements themselves without submitting any further proof as to interpretation of the language employed as to tax savings' interest.

The court in its main charge fairly and adequately instructed the jury that plaintiff could recover only for accounting services as distinguished from legal services. If the judgment in favor of plaintiff had been exclusively for accounting services based on a percentage of the tax savings rather than a percentage of both tax savings and tax savings' interest, there would be no question about the correctness of such a determination. However, some time after the jury first retired for deliberation it returned for instructions as to its right to " award fee, but disallow interest ". The court advised the jury that if it found for plaintiff it must find in the sum of $30,969, and that the tax savings' interest item was a " legal question " with which they need not have any concern. It was at this point that counsel for defendant for the first time raised the " interest " question as follows: " Mr. Epstein: That if the jury finds for the plaintiffs, they must determine whether the 15 per cent which plaintiffs claim should be calculated on any interest which defendant did not have to pay." The court refused to charge in that respect, holding again that clarification of the words " and interest " as used in the agreements was a " question of law ". The jury returned its verdict in plaintiff's favor for the amount demanded in its complaint. The trial court thereafter declined to modify the verdict.

As to plaintiff's right to recover from defendant 15% of the interest which the latter would have been required to pay if the Federal Government had disallowed claimed deductions resulting from the sale of properties, the terms of the retainer agreements are ambiguous and uncertain. Though the writings are susceptible of the interpretation that plaintiff was entitled to 15% of the interest on the claimed deductions, if not disallowed, the language employed might be susceptible of other interpretation. The issue as to the meaning of the language of the contracts with respect to this item should have been left to the jury, as requested by defendant's counsel at the trial, and should not have been decided as a matter of law after the rendition of the jury's verdict. In *Smith* v. *Smith* (277 App. Div. 694, 695) this court stated the pertinent rule as follows: " where words used in a written contract are susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject matter of the instrument and parol evidence may be admissible to clear up any ambiguity in the language employed. Such oral evidence does not vary the terms of the written instrument. (*O'Neil Supply Co.* v. *Petroleum Heat & Power Co.*, 280 N. Y. 50, 55; *Fleischman* v. *Furgueson*, 223 N. Y. 235, 239; *Wilson* v. *Ford*, 209 N. Y. 186, 196.)" (See, also, *Premium Coal Co.* v. *New Hampshire Fire Ins. Co.*, 265 App. Div. 320, 321, 322, and Richardson on Evidence [7th ed.], § 442, pp. 371–372.)

The judgment in favor of plaintiff on the first cause of action should be modified by reducing it to the sum of $26,153.10 with interest, representing 15% of the actual tax saving. With respect to the allowance of $4,815.90, being the item for 15% of the interest which would have to be paid in the event that the claimed deductions had been disallowed, the cause of action as to this portion of the complaint is severed, the judgment rendered in favor of plaintiff as to this sum is reversed, and a new trial ordered with respect thereto. Upon such trial evidence may be adduced to determine the intention of the parties with respect to the ambiguous language employed in the agreements.

Settle order on notice.

Peck, P. J., Dore, Cohn, Callahan and Botein, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein. Settle order on notice. [See *post,* p. 1036.]