DEMOV & MORRIS, Respondents, *v.* KURT FONTHEIM, Appellant.

First Department, October 22, 1957.

*Jacob Freed Adelman* of counsel (*Rachel Marmor* with him on the brief; *Robert Salomon,* attorney), for appellant.

*Bernard Buchwald* of counsel (*Sanford H. Cohen* and *Edmund B. Hennefeld* with him on the brief; *Hoffman, Buchwald, Nadel, Cohen & Hoffman,* attorneys), for respondents.

*Per Curiam.* In an action for legal services, defendant-appellant appeals to this court, pursuant to leave granted by the Appellate Term, from an affirmance, by a divided court, of a judgment of the City Court, in the sum of $3,634.36, entered on order granting plaintiffs' motion for summary judgment in an action for the agreed value of legal services.

The retainer agreement in the form of a letter dated March 26, 1953, is as follows:

" I herewith retain you to bring an action against the above named defendants, with respect to a certain usurious transaction.

" I agree to pay all disbursements, plus 20% of whatever amount is recovered by suit, settlement or otherwise."

The plaintiffs, as attorneys for the defendant herein, commenced an action in the Supreme Court, New York County, grounded on usury, for the cancellation of certain notes executed by the defendant herein, and the return of certain collateral agreements. The defendant at the time of the retainer owed on said notes, together with interest, the sum of $65,169.95. The Supreme Court action ultimately was settled by stipulation

on or about February 17, 1954. As of January 31, 1954 the amount due, together with interest, on said notes was $77,176. The defendants in the Supreme Court action stipulated to allow the defendant herein a credit of $14,500, conditioned upon payment of the balance on or before March 5, 1954. The amount paid ultimately by this defendant, pursuant to the stipulation of settlement, was $63,563.52. In this action the plaintiffs claimed to be entitled to 20% of $14,500, the amount so allowed to the defendant.

The defendant contends that plaintiffs are not entitled to any recovery if the retainer agreement relied on is to be construed literally since it provides for payment of 20% of the amount '' recovered '' and it appears that there was no recovery by the defendant herein. The defendant also contends that if the retainer agreement is to be construed to provide for payment of 20% of the amount saved the defendant herein, then it was the intention of the parties at the time of the making of said agreement that the measure of savings was to be the difference between the amount due at the time of the agreement, to wit, $65,169.95 and the amount ultimately paid by the defendant, to wit, $63,563.52. On that basis, inclusive of disbursements, as to which there is no dispute, the defendant admits there is due plaintiffs the sum of $475.95.

Plaintiffs, on the other hand, contend that the provisions of the agreement are unambiguous and not susceptible to explanation by oral testimony. We are of the opinion that under the facts and circumstances of this case the provision for compensation is ambiguous and that there is present an issue of fact with regard to the intention of the parties. (*Anchin, Block & Anchin* v. *Pennsylvania Coal & Coke Corp.*, 284 App. Div. 940, affd. 308 N. Y. 985.)

In view of the defendant's admission that $475.95 is due to the plaintiffs in any event, the judgment and order appealed from should be modified to the extent of limiting the recovery to the sum of $475.95, without costs. The remainder of the action should be severed.

BOTEIN, J. P., RABIN, VALENTE and MCNALLY, JJ., concur.

Judgment and order unanimously modified to the extent of limiting the recovery to the sum of $475.95, without costs. The remainder of the action should be severed. Settle order.