BROADWAY MAINTENANCE CORP., Appellant, *v.* CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. AMERICAN SURETY COMPANY OF NEW YORK et al., Third-Party Defendants-Appellants.

First Department, July 2, 1963.

*George Trosk* of counsel (*Jesse Climenko* with him on the brief; *Jesse Cohen,* attorney), for appellant.

*Millard E. Theodore* of counsel (*Paul Englander,* attorney), for third-party defendants-appellants.

*Seymour B. Quel* of counsel (*Leon A. Fischel* and *Harry Tannenbaum* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondent.

Bastow, J.   Plaintiff undertook pursuant to a written contract with the City of New York to service, maintain and repair parking meters in the several boroughs of the city.   It sues to recover an amount in excess of $400,000 claimed to be due under the provisions of the agreement.   The city in its answer asserted various defenses but we are here concerned only with the fourth defense which pleaded a contractual six months' period of limitation for the commencement of the action based upon article 30 of the instrument.

It is not disputed that the action was not timely commenced if the contract provision upon which the city bases its defense is applicable.   Special Term concluded that the contentions of the city were correct and dismissed the amended complaint. Plaintiff and third-party defendants appeal and assert that the fourth defense in the answer is legally insufficient or at least the allegations therein present factual issues that require a trial.

The contract was executed on June 28, 1960 and covers the period from July 1, 1960 to June 30, 1961.   The city terminated the contract on March 10, 1961 upon the alleged ground of plaintiff's failure to perform properly.   In its written notice defendant stated that such termination was "in accordance with the provisions of Article 15" of the contract.   Thereafter plaintiff commenced this action to recover the amount due under the agreement for labor and materials for the period from October, 1960 to March, 1961.

The fourth defense in the answer which frames the issue to be decided is based upon article 30 of the contract.   This is a lengthy article entitled "Claims" and contains three short periods of limitation for commencement of actions.   The first two limit the time for the commencement of an action based upon claims made after the filing of the final certificate under the contract.   Pertinent here is the third provision that no action may be maintained " if this contract is terminated or declared abandoned under the provisions of Section 17 hereof [unless] such action is commenced within six months after the date of such termination or declaration of abandonment by the City."

The first fact that attracts the attention of the casual reader of the quoted provision is the reference to " section " 17 inasmuch as the contract is made up of denominated " articles " and there are no " sections " therein.   However, both the proposal for bids and bid specifications (made a part of the contract by article 2) contain numbered " sections ".   Section 17

of the specifications relates to cleaning up operations upon completion of the work and has no possible relevancy. Section 17 of the bid proposals gives a bidder the right to ask to be relieved from his obligation to perform the contract if within 30 days after execution thereof the city fails to fix the dates for commencement of work.

The city contends that the reference to section 17 in article 30 was an error and that it was the clear intent of both parties that the reference therein was intended to be to article 15 which authorized, among other things, termination of the contract by the city. In passing it might be noted as casting light on the general lack of care in preparing the instrument that article 15 contains two references to nonexistent "sections". One is to "section 27" and it might be found that "article 25" was intended. The other reference is to "section 12" and perchance "article 12" was intended.

Plaintiff on the other hand argues that article 15 relates not to abandonment or termination of the contract by the city (as found by Special Term) but deals exclusively with the right of the city to complete if the work is abandoned by the contractor. It further contends that article 30 relates not only to termination by the city but to termination by the contractor for the city's default and the short limitation period therein applies only to a termination by the contractor for the failure of the city to fix the date for the commencement of work. Thus construed, the reference to section 17 in article 30 could be found to be no mistake but an intention on the part of the parties to limit the short period of limitation for commencement of an action to a factual situation in which the contractor declares the contract terminated or abandoned on the sole ground specified in section 17 of the bid proposals—the failure of the city to fix a time for commencement of work. Plaintiff concludes therefrom that upon the facts here presented the provision in article 30 has no relevancy and that the fourth defense in the answer is legally insufficient.

In an attempt to ascertain the intent of the parties to the contract, all parties to the action, including the third-party defendants, submitted affidavits as to provisions in other and earlier contracts between plaintiff and defendant. These contracts covered a period of some 10 years. Some related to maintenance of parking meters and others to maintenance of traffic control devices. The city emphasizes the fact that in 8 of these instruments there was an article 30 referring to section 17 but absent therefrom was a section 17 in the proposal for bids. An officer of plaintiff, however, asserted in an affidavit that since 1955 there have been 12 contracts between the parties,

including 2 subsequent to the agreement before us, and each is identical to the instant contract in that each contains an article 30 referring to section 17 and in each there is a section 17 in the bid proposals.

The city countered with an affidavit by an employee who alleged that some years before he prepared the first contracts made between the parties relating to maintenance of parking meters and traffic signals. In so doing he followed the form and substance of another contract used by another city department in which section 17 was substantially the same as article 15 in the contract before us.

In the light of these facts it is difficult to conclude that no issue of fact is presented and that the city is entitled as a matter of law to a dismissal of the complaint. In summary form the city contends that the reference to section 17 in article 30 was a mutual mistake known to both parties and that the correct reference should have been to article 15. Plaintiff argues that the reference to section 17 was no mistake, unilateral or mutual; that the parties intended to make the short period of limitation applicable only to a termination by the contractor pursuant to the provisions of section 17 of the bid proposals.

The rule is recognized "that when a contract is clear in and of itself, circumstances extrinsic to the document may not be considered [citing case] and that where the intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law and no trial is necessary to determine the legal effect of the contract". (*Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456, 460.) But "[e]ven in the case of an integrated written contract, the meaning of the words may depend upon various surrounding circumstances that are in dispute; the circumstances must be found as a fact before interpretation can proceed." (3 Corbin, Contracts, § 554, p. 223 citing *Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427; *Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204 and *Anchin, Block & Anchin* v. *Pennsylvania Coal & Coke Corp.*, 284 App. Div. 940, affd. 308 N. Y. 985.)

Here there is serious dispute as to the inferences to be drawn from the facts presented. The city suggests that the genesis of the claimed error in article 30 was the act years ago of a city employee, who copied present article 30 from another contract wherein present article 15 was section 17. Plaintiff initially claims that the intent of the parties is clear and may be found within the four corners of the agreement. In rebuttal thereof the city points to 8 earlier contracts that might be found to weaken plaintiff's contention. The latter in reply

directs attention to 12 other contracts that might be found to sustain its position.

All of this fortifies the conclusion that a trial is required at which appropriate findings may be made as to the circumstances surrounding the making of the contract before us and the disputed circumstances regarding the many contracts prepared through the years by the city (cf. *Atterbury* v. *Bank of Washington Heights,* 241 N. Y. 231, 238) and executed by plaintiff and defendant.

We recognize the rule stated by Special Term that if ambiguity exists other contracts made between the same parties may be examined if thereby the ambiguity is clarified. (*Metropolitan Exhibition Co.* v. *Ewing,* 42 F. 198, 202; 12 Am. Jur., Contracts, p. 783.) The difficulty with the application of the principle here is that such examination does not establish the "plain meaning" of the contract clause. Such proof may be of assistance to the triers of the fact in preliminarily passing upon the disputed surrounding circumstances. The granting of summary judgment may not be based thereon.

The judgment and order should be reversed, with costs and the motion denied.

BREITEL, J. P., RABIN, McNALLY and EAGER, JJ., concur.

Order and judgment unanimously reversed, on the law, with costs to the appellants, and the motion for summary judgment denied.